## M. FARLEY v. E. A. DESLONDE ET AL.

(Case No. 1522.)

1. CHANGE OF VENUE.— Under article 1272 of the Revised Statutes, when the application for change of venue is on its face sufficient, no inquiry can be made into the means of knowledge of those who made the supporting affidavits; in such case the application can only be defeated by showing that the affiants are not "credible persons."

2. SAME — PRACTICE IN SUPREME COURT.— Where the supporting affidavits for a change of venue are for the first time attacked in the supreme court for informality or defect in the jurat, which could have been amended after objection below, the objection will not be regarded.

3. DESCRIPTION.— Land was described in a deed as follows: "The lower or south half of league No. 2 from the mouth of Elm creek, . . . being the half league taken from the four premium leagues granted to Sterling C. Robertson, lying and being situated on and near the aforesaid Elm creek." *Held*,

   (1) That the south half of that league, which would be No. 2, counting from the mouth of Elm creek, was intended to be conveyed, and not the half that would be nearest to the mouth of Elm creek.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

Appellees brought this suit against Stephen Jackson August 15, 1876, to recover the land described in the petition, deriving title as follows: 1st. A grant to Sterling C. Robertson of four leagues of land by the government of Coahuila and Texas. 2d. Deed of Robertson to Niles F. Smith for the two thousand two hundred and twenty-two acres in controversy. 3d. Deed from Smith to John Darrington. 4th. Heirship of appellees, etc.

M. Farley, the appellant, answered, claiming the land by virtue of a contract with Sterling C. Robertson, and that Jackson was his tenant. He and Jackson answered by general demurrer, not guilty, and the statute of limitations of three, five and ten years. Other parties interposed as intervenors, but it is not necessary to notice their connection with the cause. The case was before the commissioners of appeal in 1880, and was reversed and remanded, after which Jackson's death was suggested, and the suit prosecuted against Farley. In the court below appellant made an application for a change of venue, supported by the affidavit of certain citizens, all in compliance with the statute. This application was refused by the court and the point saved by bill of exceptions. The cause was tried and resulted in a verdict and judgment against appellant. There were about forty-four errors assigned, but in view of the opinion only the first need be referred to; that was as to the proceedings had upon the application for change of venue.

Since the statement of facts is unsigned by the presiding judge,

and therefore not before the court, what purports to be the evidence introduced of surveyors as to the meaning of the terms used to designate the land, cannot be given.   It appears, however, from a recitation in the bill of exceptions that the land was described in the deeds under which plaintiffs claimed as " the lower or south half of league No. 2 from the mouth of Elm creek,  .  .  .   being the half league No. 2 taken from the four premium leagues granted to Sterling C. Robertson, lying and being situate on or near the said Elm creek."

*Hamman & Farley,* for appellants.

*H. D. Prendergast* and *N. P. Garrett,* for appellee.

I. The court correctly overruled the motion for change of venue, because the affidavit of the parties attempting to swear to the prejudice was made before a justice of the peace, not as a notary, and because the several witnesses making the said affidavit of prejudice showed, on cross-examination before the court, that they knew nothing of the case.

II. In reference to the question of change of venue, it is perhaps enough to say that the parties making the affidavit of prejudice ought to congratulate themselves on keeping out of the penitentiary. They admitted that they knew nothing about it and signed the affidavit because they were asked to.  Perhaps the only reason why they have not been prosecuted is because the affidavit was made before a justice of the peace (not as notary).

WATTS, J. COM. APP.— Upon the hearing of appellant's application for a change of venue, as appears from the bill of exceptions, the court, over the objections of appellant, permitted witnesses to be called and examined by appellees, for the purpose of showing that the parties who made the supporting affidavits were men of limited acquaintance in the county, who had never held any office, and also permitted the appellees to examine the affiants themselves as to the extent and their means of and opportunities for obtaining information.

It is provided by article 1272, Revised Statutes, as follows: " Where application for a change of venue is made in conformity to the . requirements of the preceding article, the same shall be granted unless it appear to the satisfaction of the judge, upon proof made before him, that the persons making the affidavit are not credible persons."

That the proceeding had in this case, as shown by the bill of ex-

ceptions, was not in conformity with the above quoted section, is too clear for controversy. The only issue that can be presented and inquired into, when the application is in conformity with the statute, is that of the credibility of the persons making the affidavit. If the opposite party seeks to defeat an application when it complies with the statute, he can only do so by presenting and sustaining by evidence the issue that the affiants are not " credible persons."

Here, as appears from the record, the issue presented, and upon which the court acted in refusing to grant a change of venue, was as to the extent of the affiants' knowledge concerning the matters embraced in the affidavit, and as to their means of information upon this subject.

It was held in Salinas v. Stillman, 25 Tex., 15, that under the old law counter affidavits were not admissible upon an application for change of venue. There is nothing in the assertion of appellees, that, as the affidavits in support of the change of venue were made before a justice of the peace who did not sign the same as *ex officio* notary public, that therefore the application was correctly refused. This objection should have been taken in the court below, where, if defective, the jurat of the justice of the peace could have been amended. When made for the first time in this court, the objection is entitled to no consideration.

The court erred in hearing the evidence of the witnesses and the affiants as to their means of information, and in refusing to grant the change of venue upon the application as presented, and for this error the judgment ought to be reversed and the cause remanded.

There is no statement of the facts proved upon the trial below found in the record. True, there is found in the record what purports to be such statement, signed by the attorneys of the respective parties, but which was not approved and signed by the district judge, as required by statute. See R. S., art. 1377, etc.; Wampler v. Walker, 28 Tex., 598; Frost v. Frost, 45 Tex., 325.

In the absence of a statement of facts, it is not deemed necessary or proper to attempt a review of the numerous questions presented by appellant. From the record and briefs of counsel, the contest seems to be over the correct location of the twenty-two hundred and twenty-two acres of land claimed by appellees. The description of the land as "the lower or south half of premium league No. 2 from the mouth of Elm creek," when construed with reference to the subject matter, is not liable to the construction contended for by appellant. The term " from the mouth of Elm creek " was given as a means of identifying the league, and not the

particular half of that league intended to be conveyed. Its meaning is, that the lower or south half of that league, which would be No. 2, counting from the mouth of Elm creek, was intended to be conveyed; and not, as claimed, that the half conveyed must be that next to the mouth of Elm creek.

As to what are boundaries, is a question of law for the determination of the court; as to where the boundaries are upon the ground, is a question of fact to be determined from the evidence. The word lower is a relative term, and as used might signify Elm creek as the object of relation, or it might be intended as having relation to the sea coast; while the word south has a fixed signification, meaning the same thing at all times and under all circumstances. If, as claimed, Robertson conveyed to Smith the land by the same description as that given in Smith's deed to Darrington, then it seems clear that he intended to convey the south half of the league.

That construction which is most consistent with the intention of the grantor, as gathered from the terms of the conveyance, should be accepted as the true one. The grantor hardly intended that the relative and uncertain term should control the other, with its fixed and definite signification.

REVERSED AND REMANDED.