CITY OF VICTORIA v. LOUIS JESSEL.

No. 589.

1. **Appeal by a City—Appeal Bond.**—A city incorporated under the general laws of the State is not required to give a bond for appeal, and in answer to a motion to dismiss made in the County Court upon this ground, after appeal from the Justice Court, the city may show such fact, and the dismissal will be properly refused.

2. **Necessity for Statement of Facts.**—The plaintiff having sued the city for damages for the conversion of his horse, whether the act complained of was such that its consequences were chargeable to the city, or was that of an officer for whose conduct the city would not be liable, were questions which could only be determined from the evidence, and there being no statement of facts in the record, it can not be here decided; nor can the charge be reviewed.

APPEAL from Victoria. Tried below before Hon. J. L. DUPREE.

*Thurmond & Barron,* for appellant.

*Fly & Hill,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued the city and one Sandhof, in the Justice Court, stating his cause of action to be for damages for the conversion of his horse.

Judgment was rendered in that court against the city, from which it gave notice of appeal to the County Court, but filed no appeal bond. Motion was made in the latter court to dismiss for want of a bond, the record not showing that the city was incorporated under the general laws. In answer to the motion, the city offered proof, which was admitted, to show that, before the cause of action accrued, it had regularly adopted the provisions of the Revised Statutes relating to corporations, in lieu of the charter under which it had previously acted. This evidence was, we think, properly admitted, and the court rightly

refused to dismiss the appeal, no bond being required. Rev. Stats., art. 499.

In the County Court judgment was rendered against both defendants, and the city prosecutes this appeal.

The first assignment complains of the overruling of the exceptions of the city to the statement of plaintiff's cause of action. The exception was, that the suit was to hold the city liable for acts of its officers for which it was not responsible. The question sought to be presented does not arise on exceptions. As stated, the suit was for a conversion, by the city and another, of plaintiff's horse. The statement did not show on its face that the wrong complained of had been done by a public officer in the exercise of a power for the abuse of which the city would not be liable.

That a city may be liable for its own torts, such as the wrongful conversion of the property of another, is well settled. Says Judge Dillon: "But if the wrongful act be not ultra vires, it may be the foundation of an action of tort against the corporation, either when done by its officers under its previous direct authority, or has been ratified or adopted, expressly or impliedly, by it; or when it was done by the officers, agents, or servants of the corporation, in the execution of corporate powers, or the performance of corporate duties of a ministerial nature, and was done so negligently or unskillfully as to injure others, in which case the corporation is liable for the carelessness or want of skill of its officers or immediate servants or agents in the course of their authorized employment, without express adoption of the act." 2 Dill. Mun. Corp., sec. 968.

When the plaintiff sued for the conversion by the city of his horse, he stated, sufficiently for a Justice Court, a cause of action which might exist against a municipal corporation, as well as against an individual. Whether the act complained of was such that its consequences were chargeable to the city, or was that of an officer for whose conduct the city would not be liable, were questions which could only be determined from the evidence introduced.

The same objection was urged to the evidence, and is made a ground of complaint against the charge. But there is no statement of facts properly authenticated, the signature of the presiding judge not being attached to that in the record. It can not be considered, and we are therefore unable to determine whether or not the evidence made a case in which the city was legally liable or not. Caswell v. Greer, 23 S. W. Rep., 331, 1002.

It is assumed in the brief of appellant that the horse was taken by an officer of the city, because it was running at large in the city limits in violation of a valid ordinance prohibiting it, and authorizing the impounding of animals so taken; and that such officer had refused to accept payment, when tendered by plaintiff in accordance with

such ordinance, of the fees and expenses legally chargeable, and to release the animal; and that this constituted the wrong for which plaintiff sought redress. If this were made to appear, it may be true that the city would not be liable, on such facts alone, for the misconduct of the officer; and we do not mean to be understood as holding otherwise. But without the evidence before us, we can not see what the case was. Nor can we review the charge so as to say that there is such error in it as to authorize a reversal. There are portions of it which would be probably erroneous if addressed to such facts alone, as those above supposed. But the evidence may have shown others, which, under the rule of law above quoted, would have made the city liable, and rendered the instructions substantially correct, or else practically harmless.

No other assignment can be considered without a statement of facts.

*Affirmed.*

Delivered June 7, 1894.