J. B. WATKINS v. SUSAN HALE ET AL.

Decided November 23, 1904.

**1.—Statement of Facts—Time of Filing.**

An agreement to extend the time for filing a statement of facts beyond that allowed by law, if same could be extended by agreement, did not authorize the approval of the statement of facts after the transcript had been prepared and filed in the appellate court.

**2.—Statement of Facts—Approval.**

The mere signing of a statement of facts by the judge without indicating whether or not he approves it does not constitute an approval by the judge.

**3.—Statement of Facts—Error.**

Errors alleged to arise upon certain facts shown by the testimony can not be considered when the statement of facts has been struck out.

Appeal from the District Court of Falls.   Tried below before Hon. Sam R. Scott.

*J. A. Martin* and *E. M. Eddins,* for appellant.

*Nat Lewellyn* and *Z. I. Harlan,* for appellee.

KEY, ASSOCIATE JUSTICE.—In this case the appellees have submitted a motion to strike out and hold for naught what purports to be a statement of facts in the transcript, for the reason that the same is not approved by the trial judge.

The appellant's counsel, resisting the motion, states under oath "that the January term of the District Court of Falls County adjourned on the 27th day of February, 1904; that a few days before the adjournment of said court, the exact length of time is not now remembered by affiant, the Hon. Sam R. Scott, judge of said court, announced to the members of the bar that he expected to leave the State soon after the adjournment of court, and be absent for more than the twenty days allowed for preparing the statements of facts, and requested counsel who had statements to prepare, either to present them before he left or agree among themselves that he might sign and approve them upon his return as of some date within the time allowed by law; that the said Judge Sam R. Scott did then and does now reside in the city of Waco and not in the town of Marlin or county of Falls, and immediately after the adjournment of said term of court the said judge left the town of Marlin for his home in Waco, and at the time said statement of facts was agreed upon by counsel for appellee and appellant in said cause, it was unknown to the affiant whether or not said judge was in this State, and it was then and there expressly agreed between affiant and counsel for appellees that the said statement of facts might be filed with the district clerk, and be presented to and approved by said Judge Sam R. Scott at any time after his return to the State for his approval as within the twenty days after adjournment allowed by the order of the court for the preparation and approval of the same.   That upon filing said statement with said clerk, the transcript was prepared by him without the approval of the judge having been written thereon, and this oversight was not discovered or known to affiant until the motion to strike out was filed in this court by counsel for appellees and published in the daily papers; that thereupon affiant presented the original statement of facts to said judge, Sam R. Scott, for his approval, and in the presence of said judge asked Z. I. Harlan, Esq., counsel for appellee, if it was not true that at the time he and affiant agreed to said statement, he, the said Harlan, then and there agreed that Judge Scott might indorse his approval of the same at any time upon his return to the State, and said Harlan admitted that such was the case; and the said Judge Scott thereupon approved said statement of facts, in accordance with the agreement of counsel, a certified copy of which approval is hereto attached, marked exhibit A,

and made a part of this motion, and at the same time said judge prepared and gave to affiant a certificate of his absence from the State, which certificate is hereto attached, marked exhibit B, and made a part of this motion."

Exhibit A, referred to in the foregoing as the approval of the judge, reads as follows: "This statement of facts filed as of March 5, 1904, in accordance with an agreement of the counsel for both appellant and appellees at the time the above statement was agreed to by them. Sam S. Scott, Judge."

The appellees demur to appellant's answer to the motion, and contend that it shows no sufficient reason why the statement of facts should not be stricken from the record.

It has been repeatedly held that the approval of the trial judge is essential to the validity of a statement of facts, although the same has been agreed to by the parties. Johnson v. Blount, 48 Texas, 38; Witton v. Poindexter, 25 Texas Supp., 378; Western U. Tel. Co. v. Walker, 26 S. W. Rep., 858. In Johnson v. Blount, supra, the parties attempted in writing to waive the judge's approval of a statement of facts, but the Supreme Court held that such waiver could not be made and declined to consider the alleged statement of facts. The statute requiring the trial judge's approval of the statement of facts contemplates that the approval shall be made before the statement of facts is filed; and if the approval itself can not be waived, we doubt if the time of approval can be extended by agreement of the parties. But if it can be done, we are of opinion that it was not the intention of the parties by the agreement set up by the appellant to authorize the approval of the statement of facts in this case after the transcript had been prepared and filed in this court. We are also of opinion that the indorsement which the trial judge has made on the statement of facts in the court below since the transcript was filed in this court, as shown by exhibit A, attached to appellant's answer to the motion, does not constitute an approval of the statement of facts. It does not state nor intimate that the judge has approved the statement of facts. The motion to strike out and hold for naught the statement of facts is sustained.

The appellant's brief contains but two assignments of error, under which but one question is presented for decision, and that question arises upon certain facts alleged to have been shown by the testimony. There being no statement of facts in the case, of course we can not sustain the assignments of error; and therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused.