STEPHENVILLE, NORTH & SOUTH TEXAS RAILWAY COMPANY v. WACO MILL & ELEVATOR COMPANY.

Decided May 25, 1910.

**Statement of Facts.**

A statement of facts not bearing the approval of the trial judge will not be considered, nor furnish a basis for considering error assigned on the refusal of a peremptory instruction or the insufficiency of the evidence to support recovery.

Appeal from the County Court of McLennan County. Tried below before Hon. Tom L. McCullough.

*Marshall Ferguson,* for appellant.

*Prendergast & Williamson,* for appellee.

KEY, CHIEF JUSTICE.—From a judgment in favor of the plaintiff and against the defendant Stephenville, North & South Texas Railway Company, the latter has appealed.

The case is presented in this court on two assignments of error. The first complains of the refusal of a requested instruction directing the jury to return a verdict for the appellant; and the second assails the verdict of the jury as being unsupported by and contrary to the testimony. The record contains what purports to be the original statement of facts, which is signed by the attorneys representing the plaintiff and the defendant Stephenville, North & South Texas Railway Company. The Missouri, Kansas & Texas Railway Company of Texas and the Texas Central Railway Company were also defendants, and judgment was rendered for them in the court below, but the statement of facts is not signed by or on behalf of either of those defendants. Furthermore, it is not signed or approved by the trial judge. The

statute requires that a statement of facts, although agreed to by the parties, must be approved by the trial judge; and it is settled by a long line of decisions that a statement of facts not so approved should not be considered by an appellate court. (Tardiff v. State, 23 Texas, 169; Witten v. Poindexter, 25 Texas Supp., 378; Bell v. State, 29 Texas, 492; Johnson v. Blount, 48 Texas, 38; Western Union Tel. Co. v. Walker, 26 S. W., 858; Gulf, C. & S. F. Ry. Co. v. Calvert, 31 S. W., 679; Caswell v. Greer, 4 Texas Civ. pp., 659, 23 S. W., 331; Pace v. Price, 45 S. W., 203; Graves v. George, 54 S. W., 262; Galveston, H. & S. A. Ry. Co. v. Keen, 73 S. W., 1074.) Hence we conclude that the supposed statement of facts must be disregarded; and, in the absence of a statement of facts that can be considered, of course we can not hold that the trial court committed error, as charged in the assignments presented in appellant's brief.

*Judgment affirmed.*