ATHENS TELEPHONE CO. v. CITY OF
ATHENS.

(Court of Civil Appeals of Texas. Dallas.
Jan. 24, 1914. Rehearing Denied Feb. 14, 1914.)

1. INJUNCTION (§ 148*) — PRELIMINARY INJUNCTIONS — BOND — MUNICIPAL CORPORATIONS.

Under Rev. Civ. St. 1911, art. 4654, providing that, upon the filing of the petition for a writ of injunction and the order of the judge directing its issuance, and before the issuance thereof, the complainant shall execute a bond conditioned for the payment of all sums of money and costs adjudged against him, if the injunction be dissolved, and that, if the state be complainant, no bond shall be required, and article 768, providing that it shall not be necessary, in any action in which a city organized under the provisions of that title shall be a party, for any bond, undertaking, or security to be executed in behalf of the city, but that all such actions shall be conducted as if such bond, undertaking, or security had been given, and that the city shall be liable as if it had been duly given, in an action by a city it was not required to give a bond as a condition for the issuance of a temporary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–334; Dec. Dig. § 148.*]

2. CONSTITUTIONAL LAW (§ 278*)—DUE PROCESS — PRELIMINARY MANDATORY INJUNCTION.

In an action by a city to enjoin a telephone company from charging more than $1.50 a month for telephone service, where it appeared that it was using the streets of the city under a grant which provided that no more than that amount should be charged for a period which had not expired, but that, by denying service to the citizens, it was attempting to collect a greater sum, a temporary injunction restraining it from collecting more than that amount, and ordering it to furnish telephones to all persons paying that amount, granted without notice, was not erroneous as depriving the company of its property without due process

of law, since a mandatory preliminary injunction may properly be issued, if necessary to maintain the status quo of the subject-matter of the suit, or to prevent impending injury.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 763, 765, 767–770, 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. § 278.*]

3. TELEGRAPHS AND TELEPHONES (§ 10*)— RIGHT TO USE STREETS.

While, under Rev. Civ. St. 1911, art. 1231, providing that corporations created for the purpose of constructing and maintaining magnetic telegraph lines may set their poles, etc., along, upon, and across any of the public roads and streets of the state in such manner as not to incommode the public, distance telegraph and telephone companies may pass through towns and villages, using their streets free from interference by the government of such towns and villages, this is not true of a company doing a local telephone business, and such a company is subject to regulation and control by the town or village.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*]

4. TELEGRAPHS AND TELEPHONES (§ 10*) — RIGHT TO USE STREETS — CONDITIONS ATTACHED TO GRANT.

Where a city granted the right to use its streets for 50 years for the purpose of conducting a local telephone business on the express condition that a greater rental than $1.50 a month would not be charged the citizens of such city for telephones, a telephone company which had no right to use the streets until it acquired the rights of the grantee under such grant was bound by the condition of the grant.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*]

5. INJUNCTION (§ 136*)—PRELIMINARY MANDATORY INJUNCTION.

Where a telephone company which acquired the rights of the grantee under a grant of the right to use the streets of a city on condition that a greater rental than $1.50 a month should not be charged for telephones operated its business for a time on the terms and prices fixed by the grant, a mandatory preliminary injunction, in a suit by the city to restrain the company from increasing its rates, which required the company to furnish telephones to all persons paying the rental specified in the grant was properly granted, even though the corporation was not bound by the terms of the grant, since this merely maintained the status quo pending the determination of the cause on its merits.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

Appeal from District Court, Henderson County; Jno. S. Prince, Judge.

Action by the City of Athens against the Athens Telephone Company. From an order granting a temporary injunction, defendant appeals. Affirmed.

S. A. Lindsey and Marsh & McIlwaine, all of Tyler, and E. P. Miller, of Athens, for appellant. W. R. Bishop and M. E. Richardson, both of Athens, for appellee.

RASBURY, J. This is an appeal from an order of Hon. John S. Prince, judge of the district court of the Third judicial district, granted in vacation, directing the issuance of an injunction restraining appellant from

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

collecting from its patrons more than $1.50 per month for the use of telephones in places of business in the town of Athens, and requiring appellant to furnish telephones to all persons tendering such amount. No notice was given appellant of the application for injunction, nor was it given opportunity to be present and contest the application upon hearing. The injunction was issued upon the sworn petition of appellee. No motion to dissolve was made by appellant in the court below.

Omitting formalities, the essential facts set forth in the petition are as follows: Appellee is a municipal corporation, incorporated under the general laws. In the year 1901 or 1902 appellee granted the firm of Garrett & Truitt a franchise permitting said firm to use and occupy portions of its highways, streets, and alleys for a term of 50 years for the purpose of conducting a local telephone business for profit, on the express condition that appellant, during the term of the grant, would not charge the citizens of Athens a greater rental for either business or residence telephones than $1.50 per month. Garrett & Truitt accepted the terms of the grant, and did enter upon the highways, streets, and alleys of said town, and did erect, maintain, and keep telephone poles and lines upon streets thereof. After the grant Garrett sold his interest therein to one Willis, and the business was conducted by Truitt & Willis until October 1, 1904. At that time Truitt & Willis conveyed their interest in the property and franchise to C. A. and Dick Connally. The latter conveyed the property and franchise to J. F. Moore January 25, 1905. Moore conveyed to J. A. Jones March 13, 1905. All of those named conducted the business in compliance with the terms of the original grant. Subsequent to the time Jones acquired the franchise and business, although no approximate date even is given, the Athens Telephone Company, appellant, was incorporated under the laws of this state for the purpose of taking over the franchise and property owned by Jones. Afterwards Jones transferred appellant all his interest in said telephone business in exchange for stock in appellant company. After acquiring the telephone business from Jones, appellant conducted same in compliance with the franchise granted originally to Garrett & Truitt until about the time of the application for injunction, when appellant advanced the price of business telephones to $2.50 per month, and was denying telephone service to the citizens of Athens who refused to pay the advance in rentals. A temporary injunction was asked by appellee restraining appellant from increasing the rental pending a final hearing on the merits, and, as stated, was granted by the trial judge.

[1] The order of the court directing the issuance of the injunction did not require bond by appellee, and it is urged that the trial judge erred in that respect. Appellant cites article 4654, R. S. 1911, to sustain such contention. This article does provide for the giving of a bond in such amount as may be fixed in the order granting the writ, conditioned that complainant will abide the final decision in the case, and pay all sums of money and costs adjudged against him or it as the case may be. This article exempts the state from giving such bond, but not municipalities, and, in the absence of any statutory act, would be held to exclude municipalities under the rule that the expression of one thing is the exclusion of another. It was shown, however, that appellee was incorporated under the general laws relating to the incorporation of towns and villages of 1,000 inhabitants and over. In reference to towns and villages so incorporated, it is provided by statute that it shall not be necessary in any action, suit, or proceeding in which such town or village is a party for any bond, undertaking, or security to be executed in behalf of the town or village, but that such town or village shall be liable in the same manner and to the same extent that it would have been had it executed bond, security, or undertaking as in ordinary cases. Article 768, R. S. 1911. This article has been held sufficient to exempt towns and villages from executing appeal bonds. Victoria v. Jessel, 7 Tex. Civ. App. 520, 27 S. W. 159; City of Vernon v. Montgomery, 33 S. W. 606. The exemption from giving any bond, undertaking, or security in any action, suit, or proceeding is broad enough to cover every conceivable character of bond arising in and necessary to the prosecution, defense, or appeal of such action, suit, etc., and includes as matter of course an injunction bond. For the remedy afforded by such bond the town or village is made liable in the same manner that it would have been had the bond actually been executed. We conclude, therefore, that it was not necessary for the appellee to give bond.

[2] It is also urged that the trial judge, under the facts alleged, was without authority in law to require appellant to furnish phones at $1.50 per month, without notice to appellant, and an opportunity given to be heard, since to do so was to deprive appellant of its property without due process of law. The argument made and the authorities cited in support of this contention all have reference to mandatory injunction where the judge has interfered with and attempted to change the status quo. That portion of the order requiring the appellant to furnish phones to all persons at $1.50 per month rental must be considered in connection both with the facts and the result of the order. The facts were that appellant, assuming it to be bound by the terms of the original grant, was using the streets of appellee under a grant by which it was provided that no more than $1.50 per month should be charged for the use of telephones for a

period of 50 years, which had not expired; but, by denying service to the citizens, appellant was attempting to collect a greater sum. Under such a state of facts the result of the order of the court could do no more than maintain the status quo under the franchise by which appellant agreed for the period of 50 years to furnish phones for $1.50. Thus it will be seen that all question involving either the propriety or right of the trial judge to issue a mandatory preliminary injunction properly has no place here, since it is agreed by all writers and supported by practically all reported cases that such writs are always to be issued when it is shown that their issuance is necessary to maintain the status quo of the subject-matter of the suit, or to prevent impending injury. I. & G. N. Ry. Co. v. Anderson County, 150 S. W. 239.

[3, 4] But it is urged that the facts shown by the petition are insufficient to sustain the action of the court, because it does not appear that appellant ever agreed with appellee to be bound by the grant to Garrett & Truitt, or that it is so bound, as matter of law. In order to understandingly discuss the issue thus raised, and in order to avoid confounding local telephone lines with distance telephone lines, reference to the facts is again necessary. The original grant to Garrett & Truitt was to enable them "to carry on the business of a local telephone, and furnishing telephone accommodations to the people residing in said city of Athens," and that appellant was incorporated for the purpose of taking over said business. Thus it will be seen that the issue here raised in no sense involves the rights of a distance telephone business as distinguished from those of a local telephone business as construed in S. A. & A. P. Ry. Co. v. S. W. T. & T. Co., 93 Tex. 313, 55 S. W. 117, 49 L. R. A. 459, 77 Am. St. Rep. 884, and City of Brownwood v. Brown Telegraph & Telephone Co. (Sup.) 157 S. W. 1163, where it was, in effect, held that under article 1231, R. S. 1911, distance telegraph and telephone companies might pass through towns and villages, using their streets so as not to incommode the public, free from interference by the government of said towns and villages, despite the provisions of article 1235, which only invests the municipality with power to enforce reasonable regulations in such use of its streets by distance telegraph and telephone companies. The facts in this case show appellant is conducting a local telephone business, and that a different rule with reference to the rights of such companies pertains in law is made clear by Mr. Chief Justice Brown, in the Brownwood Case, supra, by the statement in the opinion that "it is not to be inferred from this opinion that this company can, without consent of the city, transact the business of a local company." Concluding, then, from the facts that appellant was conducting a local

telephone business, and that appellee was free to regulate and control the same in a lawful manner, and that the appellant held the business subject to such regulation, the question then arises, did appellant take the business subject to the terms of the original grant? There is nothing in the petition to show that it did so expressly; but that it did so by implication we think is clear. The appellant had no original right in law to use the streets of appellee upon and along which to conduct a telephone business, without the consent of appellee, and was granted no such right prior or subsequent to the time it acquired its business from Jones. The facts show that it was organized as a corporation for the purpose of taking over the business of Jones, and any right it has must, of course, depend upon what it acquired from Jones. To hold otherwise would be to say that appellant, for the purpose of enjoying the profits and benefits of the contract between Jones and appellee, may invoke the provisions of the grant, but, in order to avoid the burdens imposed by the grant, deny the right of appellee to invoke such provisions on the ground that it never agreed to be bound thereby. Such a construction is paradoxical and inequitable.

[5] It may further be said, so far as relates to the right of the trial judge to make and enter the order complained of, if it can be said that appellant is not bound by the terms of the original grant, that nevertheless the writ was authorized, since it appears from the facts that appellant did operate the telephone business on the same terms upon which Jones did, charging the price fixed by the grant, and that the issuance of the injunction did no more than maintain the status quo between appellant and appellee pending the determination of the cause upon its merits.

Judgment is affirmed.