TEXAS ELECTRIC RY. v. GONZALES.
·(No. 6054.)

(Court of Civil Appeals of Texas. Austin. March 19, 1919. Rehearing Denied April 23, 1919.)

1. APPEAL AND ERROR ☞569(2)—MATTERS NOT IN RECORD—STATEMENT OF FACTS.
	A purported statement of facts, not approved by the trial court as required by Rev. St. 1911, arts. 2068–2070, will not be considered on appeal.

2. APPEAL AND ERROR ☞544(2) — ASSIGNMENT OF ERRORS—NECESSITY OF STATEMENT OF FACTS.
	Where there is no statement of facts in the record, assignments of error dependent upon the facts cannot be considered on appeal.

3. TRIAL ☞122—ARGUMENT OF COUNSEL—COMMENTS ON FAILURE TO PRODUCE WITNESS—LEGITIMACY.
	The argument by plaintiff's counsel in a suit for personal injuries that, since defendant did not produce any witness to testify that plaintiff was warned of danger, it might be con-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cluded that such fact did not exist, is a legitimate argument.

**4. EVIDENCE ☞75—SUPPRESSION OF TESTIMONY.**

The suppression of testimony is proper to be considered as a circumstance against the party suppressing the same, and where a fact is peculiarly within the knowledge of a party, and he does not produce evidence thereof, it is legitimate argument that evidence does not exist.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by Jose Gonzales against the Texas Electric Railway. From a judgment for plaintiff, defendant appeals. Affirmed.

Sanford & Harris, of Waco, for appellant. Forrester & Stanford, of Waco, for appellee.

JENKINS, J. This was a suit by appellee to recover damages for personal injuries alleged to have been sustained by the negligence of appellant, whereby his index finger was so injured that the same had to be amputated. He recovered judgment upon the verdict of the jury for the sum of $200.

[1] There is no statement of facts in the record in this case. There is what purports to be such statement of facts, but it is not approved by the trial court, for which reason it cannot be considered. Revised Statutes, arts. 2068–2070; Pace v. Price, 45 S. W. 203; Railway Co. v. Mill Co., 61 Tex. Civ. App. 262, 128 S. W. 1160.

[2] All of appellant's assignments of error, except one, are dependent upon the facts proven on the trial of the cause. As there is no statement of facts in the record, we cannot consider these assignments. Pace v. Price, supra; Railway Co. v. Perkins, 73 S. W. 1067; Railway Co. v. Keen, 73 S. W. 1074; Railway Co. v. McAllister, 59 Tex. 349.

[3] Appellant's assignment of error which is not dependent upon the facts of the case, or at least not altogether so dependent, is that the court erred in not instructing the jury not to consider the remarks made by counsel for appellee in his closing argument, as follows:

"Don't you know that this corporation, with its trained lawyers and claim agents, if they could have found a witness that would have come here and testified that Jose Gonzales was warned of the danger, don't you know that they would have brought him here?"

[4] If we are not to take judicial cognizance of the fact the railway companies do have trained lawyers and claim agents, nevertheless, in the absence of a statement of facts, we cannot say that such fact was not shown upon the trial of this cause. With-

out reference to this, however, we cannot say that the argument was improper. The point in the argument is that, inasmuch as appellant did not produce any witness to testify that appellee was warned of danger, it may therefore be concluded that such fact did not exist. The suppression of testimony is proper to be considered as a circumstance against the party suppressing the same; and so likewise where a fact is peculiarly within the knowledge of a party, and he does not produce evidence as to such fact, it is a legitimate argument that it does not exist.

For the reasons stated, this assignment is overruled, and the judgment of the trial court is affirmed.

Affirmed.