ARGO et al. v. GULF, C. & S. F. RY. CO.
(No. 1141.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 7, 1924.)

1. Appeal and error ⬤⇒569(2)—Signature of trial judge essential to validity of statement of facts.

Under Rev. St. 1911, § 2068, as construed by appellate courts, signature and approval of trial judge is essential to validity of statement of facts.

2. Appeal and error ⬤⇒638—Where statement of facts is essential and it is not approved by trial court, judgment must be affirmed.

Where statement of facts in record has not been approved and ordered filed by trial court and such statement is essential to consideration of only proposition urged by appellant, judgment must be affirmed.

3. Appeal and error ⬤⇒644(2)—Requirement that trial judge sign statement of facts not waived by appellee's failure to move to strike.

Statement of facts in record which was not approved and signed by trial judge was not validated by appellee's failure to move to strike statement on that ground.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ☞719(10), 1078(1)—Refusal of trial court to approve statement of facts not considered where no error assigned thereon and brief does not refer thereto.**

Trial court's refusal to approve appellant's statement of facts will not be considered, though appellants took bill of exceptions to refusal, where no error was assigned thereon and brief does not raise point.

Appeal from District Court, Jefferson County; A. E. McDowell, Judge.

Action by Tom Argo and others against the Gulf, Colorado & Santa Fé Railway Company. From a judgment on verdict instructed for defendant, plaintiffs appeal. Affirmed.

David E. O'Fiel, of Beaumont, for appellants.

F. J. & C. T. Duff, of Beaumont, for appellee.

WALKER, J. This suit was instituted by appellants to recover of appellee damages to certain lands owned by them and to their crops growing thereon, caused by the negligent construction of a drainage ditch. At the conclusion of the evidence, the trial court instructed a verdict in appellee's favor, and all of appellant's assignments of error and propositions thereunder challenge this ruling of the court, on the ground that the evidence in the case raised issues in their favor which should have been given to the jury.

[1, 2] There appears in the record a transcript of the evidence, certified to by the official stenographer and counsel for appellants as being a correct copy of the evidence adduced upon the trial of this case. It appears, from a letter we find in the record addressed to the trial judge from counsel for appellee, that they refused and declined to "sign same, because the time for filing has already expired." The trial judge also failed and refused to sign and approve the statement of facts as certified to by the stenographer, assigning the same reason for his action. Under the provisions of article 2068, Revised Statutes. 1911, old article 1379, and the construction placed thereon by the appellate courts of this state, the approval and signature of the trial judge is essential to the validity of a statement of facts. 7 Enc. Dig. 208. It has also been held, and is now the law of this state, that where the only proposition urged by appellant cannot be considered in the absence of a statement of facts, and the statement of facts in the record has not been approved and ordered filed by the trial judge, the judgment must be affirmed. Kennedy v. Birch (Tex. Civ. App.) 74 S. W. 593; Witten v. Poindexter, 25 Tex. Supp. 378; Victoria v. Jessel, 7 Tex. Civ. App. 520, 27 S. W. 159. It has been said by our Supreme Court that a statement of facts can only be considered by it when approved by the trial judge as a correct statement of the facts as produced in evidence. Railway Co. v. Cole (Tex. Sup.) 1 S. W. 631.

[3] While appellee refused to agree to the statement of facts, yet it has made no motion to strike out the copy filed, nor does it ask us now to refuse to consider it in the condition in which it appears in the record. The failure of appellee to ask this relief in this court does not give the statement validity. The statutory requirement that the trial judge approve the statement of facts cannot be waived by the parties. Johnson v. Blount, 48 Tex. 38; Watkins v. Hale, 37 Tex. Civ. App. 243, 84 S. W. 386; Gray v. Frontroy, 40 Tex. Civ. App. 302, 89 S. W. 1090; Railway Co. v. Keen (Tex. Civ. App.) 73 S. W. 1074.

[4] Though appellant took a bill of exceptions to the actions of the court in refusing to approve their statement of facts, they have assigned no error thereon, nor have they in their brief raised the point. After this case was submitted, they called the bill of exceptions to our attention, citing Martin v. Martin (Tex. Civ. App.) 229 S. W. 695, and Broderick Rope Co. v. Waco Brick Co. (Tex. Civ. App.) 150 S. W. 600, saying:

"The appellants in this case are entitled to have the statement of facts considered, or else that the case is entitled to be reversed and remanded for a new trial on account of the failure of the trial judge to prepare and file his statement of facts."

For the reasons already given, we cannot consider the statement of facts, and as no error was assigned against the court's refusal to approve the statement of facts, we cannot now review his action thereon.

An appellant cannot for the first time suggest error after a case has been submitted and thereby give an appellate court jurisdiction to review a proposition not raised in the lower court.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes