## MOSLEY et al. v. EDDS et al.
### No. 8036.

Court of Civil Appeals of Texas. Austin.
Feb. 6, 1935.

Rehearing Denied March 6, 1935.

Byron Skelton, of Temple, for appellants.

J. B. Talley, of Temple, for appellee.

BAUGH, Justice.

This suit involves, as the determining issue, the proper location of the south boundary line of a tract of land in Bell county, Tex., sold and conveyed by J. W. Mosley and wife

to Milton Edds by deed dated May 4, 1931, recited therein to contain 209¼ acres of land. At the time of said conveyance, J. W. Mosley owned a 410-acre tract which adjoined said 209¼-acre tract on the south thereof. These two tracts were separately mortgaged to secure debts owed by Mosley. He was about to lose through foreclosure the tract conveyed. Edds purchased it on the assumption that it contained 209¼ acres, and paid $75 per acre for it, part in cash, and the balance by assuming the indebtedness against it. The boundary line between the two tracts appears to have been established and recognized for many years prior to said conveyance. The description of the 209¼-acre tract by field notes had been the same for many years and had been repeatedly set out in deeds of trust, homestead designations, and in the contract of sale; and the description in the deed from Mosley to Edds was identical with that of the deed of trust about to be foreclosed. It is not controverted that all parties thought that these field notes included 209¼ acres of land. The tract conveyed, however, was not surveyed at the time, and Edds testified that he did not know where its southern boundary line was located. J. W. Mosley conveyed the 410-acre tract to his son in September, 1931. In December, 1931, Edds had the tract conveyed to him surveyed, and built a fence along the line on the south established by the surveyor. R. A. Mosley, to whom J. W. Mosley conveyed, thereupon brought this suit in trespass to try title and for damages to the strip of land here in controversy, contending that said line, as located by the surveyor, was not the correct southern line of the 209¼-acre tract, and that it was placed by said surveyor south of said line and upon his 410-acre tract.

The land included in the field notes as made by said surveyor contained 209.96 acres, and Edds tendered into court $53.25 in payment of the excess acreage over what he claims to have purchased and paid for. The case was tried to the court without a jury, the court reformed the deed so as to include 209.96 acres, as being the land described in said deed, denied appellants recovery of the land sued for, awarded appellants judgment for the $53.25, and taxed the costs against them; hence this appeal.

It is unnecessary to set out the field notes of the deed to the 209¼-acre tract in full. After establishing a fixed point on the east line of said tract, the calls ran, "Thence South 19 west 893 varas to Southeast corner of a 61.4 acres of land; Thence North 71 West 880 varas to Southwest corner of said 61.4-

acre tract; Thence North 19 East 1380 varas," etc., on around said 209¼-acre tract, closing the field notes.

No reference in said deed was made to the 410-acre tract, nor was the 61.4 acres otherwise identified than as above indicated. While there were no visible natural or artificial objects on the ground called for in the deed as fixing the south line of said tract, it is not controverted that said tract and the adjoining 410-acre tract had been dealt with separately by the owners for many years; that said line had been established and marked on the ground as far back as 1883, and repeatedly recognized thereafter; that a turn row, ditch, and levee along said line had existed many years, and was visible at the time of said conveyance. The uncontroverted evidence fixed the south line of the 61.4-acre tract called for in said field notes along this old line. It was clearly capable of definite ascertainment and location on the ground at the time of the conveyance. While not as fully identified in the deed to Edds as it might have been, said 61.4-acre tract had in all instruments describing said 209¼-acre tract for a number of years been designated as marking the south line of said tract. It was immaterial that Edds did not know where said line was when he purchased said land. When he accepted a deed calling for said line, he became bound by it if said line were capable of definite ascertainment from other established and recognized corners. It was likewise immaterial that he did not, within such field notes, secure his full complement of 209¼ acres called for in said deed. No fraud nor misrepresentation on that score is charged, and all parties thought the tract within the field notes of his deed did contain 209¼ acres. And if he paid for more land than his deed conveyed, his remedy was a recovery from the grantor of the excess so paid. He cannot, because of that fact, extend his tract over onto other lands, not called for in his deed, so as to give him the quantity called for. His boundaries are fixed by the lines and corners called for, not by course and distance, nor by quantity called for. Where lines and corners, fixed on the ground, or capable of definite ascertainment from other fixed and established lines or corners, can be found on the ground, calls for quantity or for course and distance must yield to such calls. Maddox v. Fenner, 79 Tex. 279, 15 S. W. 237; Phillips Petroleum Co. v. State (Tex. Civ. App.) 63 S.W.(2d) 737, 743 (writ ref.); 7 Tex. Jur., 185, and cases cited. That being true, the south line of said tract conveyed to Edds

must be fixed upon the south line of said 61.4-acre tract called for where that line runs, if, as the evidence indicates, that line is capable of definite ascertainment and location on the ground in accordance with the now well-established rule announced in the above-cited cases. The record discloses that the surveyor who ran out the tract, and on whose survey the judgment was rendered, did not undertake to establish the south line of said 61.4-acre tract called for in said deed.

The issues of damages and ownership of the fence erected by Edds, are dependent upon the proper location of said boundary line, and, after said line is properly located, need not present any difficulties. We deem it unnecessary to discuss these issues here in view of the conclusion above reached as to the proper location of the boundary line. These matters can easily be disposed of upon another trial.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.