## SEWALL v. WAECHTER.

### No. 12712.

Court of Civil Appeals of Texas.

Galveston.

May 6, 1954.

Rehearing Denied May 27, 1954.

Pat N. Fahey, Houston, for appellant.

Turner, Rodgers, Winn, Scurlock & Terry, Frank J. Scurlock, Dallas, for appellee.

GRAVES, Justice.

This appeal by Blanche Harding Sewall, as appellant, against Fred W. Waechter, as appellee, is from a judgment of the 11th District Court of Harris County, sitting without a jury, Honorable Ben Moorhead presiding, decreeing that the appellee recover of appellant the title to and possession of 40 acres of land, more or less, in the William S. York ⅓ League in Harris County, Texas. It is undisputed that the cause was tried below on the basis of a common source of title to the land, who, concededly, was J. H. Cutten; and there was involved below, and is here, the construction and interpretation of the descriptions contained in the instruments in appellant's chain of title to the 40 acres, which runs, substantially, unvaried, down through all the instruments she claims under. The appellee, with what appears to this Court to be accurate, thus in his brief outlines appellant's chain:

"1. September 15, 1913, deed of trust, J. H. Cutten et ux to Otis K. Hamblen, Trustee.

"2. September 13, 1923, judgment of a District Court of Harris County, ordering a foreclosure of the lien created by the deed of trust mentioned above.

"3. Order of sale and Sheriff's return.

"4. January 7, 1924, Sheriff's deed to The Century Company.

"5. April 19, 1926, deed, The Century Company to Caroline M. Hubbard.

"6. November 8, 1930, Caroline M. Hubbard to Cleveland Sewall.

"7. December 25, 1942, Cleveland Sewall died, and the appellant is the sole beneficiary under his will, and is, therefore, the successor in title to Cleveland Sewall."

The only way this Court has been able to understand just what land is so involved, and to apply the contesting claims of the parties to it, is to make use of the map thereof, which has been brought up with the statement of facts, and is vouched for by both sides as being correct; large as it is, a verified copy thereof is hereto attached, and made a part hereof, as Exhibit A.

Appellant contends in this Court, as she did below, that the principal issue involved between the parties was the construction of the description of the land she was to get, as it appears in her recited chain of title; it being her major contention that it was the intention of the grantors in the recited deed of trust to Otis K. Hamblen to convey 250 acres of land, wherefore, as she insists, 250 acres of land were thereby conveyed; she further urges that the 250 acres could not be located "according to the attempted false description, and the false description should be disregarded in order to give effect to the intention of the grantors." She cites the case of Benavides v. State, Tex.Civ. App., 214 S.W. 568, Dis. w. o. j., and otherwise she states, in substance, these two additional points of error:

Second: "It was the clear intention of J. H. Cutten and Rena M. Cutten to convey by deed of trust to Otis K. Hamblen, Trustee, to secure performance of their contract, two hundred fifty (250) acres of land in the York Survey in Harris County, Texas, described as land west of a railroad in form of a triangle 'supposed to contain about two hundred twelve (212) acres of land. The balance of said two hundred fifty (250) acres of land to be taken in a triangle', with directions how to form the triangle, east of the railroad, and there having been only 103 acres of land west of the railroad, leaving 147 acres to be taken east of the railroad, and it not being possible to take from the Cutten land east of the railroad 148 acres in the form of a triangle, the purchaser at the foreclosure sale of 250 acres of land had the right in equity to select enough of the Cutten land east of the railroad to make up the full 250 acres of land."

Third: "Appellee took his two (2) deeds from J. H. and Rena M. Cutten with notice of the right of appellant's predecessor in title to select 147 acres of Cutten land east of the T. & B. V. Railroad in the York Survey in Harris County, Texas."

She cites as authorities, in support of her stated points Second and Third, these, among other holdings and texts: Wofford v. McKinna, 23 Tex. 36, loc. cit. 44–45; Stevens v. Galveston, H. & S. A. Ry. Co., Tex.Com.App., 212 S.W. 639, loc. cit. 642; McCarty v. May, Tex.Civ.App., 74 S.W. 804, loc. cit. 805; Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930, loc. cit. 931; Sanger v. Roberts, 92 Tex. 312, 48 S.W. 1, loc. cit. 3; Lauchheimer v. Saunders, 27 Tex. Civ.App. 484, 65 S.W. 500, loc. cit. 501; Nye v. Moody, 70 Tex. 434, loc. cit. 435, 437, 8 S.W. 606; 18 Corpus Juris, 284, 285; 26 C.J.S., Deeds, § 100; 14 Tex.Juris. 910.

The appellee, in turn, states these five counter-points to those of the appellant, and supports them with the citation of these, among other, authorities:

1. "By means of the metes and bounds description embodied in appellant's deed, her tract of land can be located on the ground, and the call for quantity is of no consequence." Farley v. Deslonde, 58 Tex. 588; Livingston Oil & Gas. Co. v. Shasta Oil Co., Tex.Civ.App., 114 S.W.2d 378; Mosley v. Edds, Tex.Civ.App., 80 S.W.2d 401.

2. "The west boundary line of appellee's tract, A.B.C.D., is definitely tied to the east boundary line of appellant's tract and such common boundary line is indicated on the map by the letters AB."

3. "The instruments in appellant's chain of title contain a specific description and appellant is limited to the land embraced within that description."

4. "The right of selection of specific acreage from a larger tract is a contractual right which does not exist in this case."

5. "The title to appellant's tract was divested out of Cutten by a judgment, Order of Sale, and Sheriff's Deed, and a public officer does not have the right of selection."

It is this Court's conclusion, following oral argument submitted by both sides upon their written briefs as above outlined, that the trial court's judgment herein was correct and should be affirmed. As indicated, it has found the map of the territory involved indispensable, and that it shows, as the appellee contends, that his tract was properly enclosed within the letters ABCD

thereon; in other words, that the record conclusively shows the common boundary line between the parties was in fact the line AB, and that such location of it ends the cause in appellee's favor; that is, that the 40-acre tract sued for by the appellant, constituting a parallelogram, enclosed within the letters ABCD, was correctly held by the trial court to belong to the appellee.

Appellant's major, indeed her controlling, position upon the whole cause is, as indicated above, that the clear intention of the conveyance from the Cuttens, to Otis K. Hamblen, Trustee, down under whom she held it, was to convey 250 acres of land, hence she was entitled to have that full quantity.

That contention is overruled for all the reasons set out in appellee's quoted counterpoints, and under the authorities therein cited, supra.

It seems clear that the deed this Court is so called upon to construe constituting Item No. 1 of her quoted chain of title, upon which appellant bases her claim to have gotten a tract of 250 acres, described two triangles, one lying east and the other west of the T. and B. V. R. R., and enclosed within the letters ABEF on the appended map; that is, two adjoining triangles are thereby described, the one lying east, the other west of the T. and B. V. R. R., and comprehended within the definitely fixed boundaries ABE and AEF, respectively. These two triangles are joined upon the ground. It was also stipulated that the position of the railroad, as so criss-crossing between these two triangles, was also properly fixed on the map; not only so, but that such triangle AEF, so lying on the west side of the railroad, while supposed to contain about 212 acres, actually contained only 103 acres, thereby entailing a shortage of 109 acres.

Further, the second triangle, lying east of the railroad, enclosed within the letters ABE, contains 113 acres. Apparently no others of the lines, or areas, of the two triangles are in dispute.

Wherefore, it seems to appear from the face of the record that the shortage of 109 acres is in the first triangle, which so lay entirely on the west side of the railroad and was so comprehended within the boundaries AEF upon the map.

In other words, with the record indisputably showing that the shortage of 109 acres called for by appellant's claim that she was entitled, at all events, to have, as against the appellee, 250 acres, and, in order to get it as against the appellee and the indisputable record behind his title to all of the land bordering the east line of the triangle on the east side of the railway as marked by the lines AB, it was impossible for her to so get it at the expense of the appellee, under our authorities: Mosley v. Edds, supra, and cases there cited.

Furthermore, as already indicated, the appellee's tract embracing the 40 acres, made the subject of the suit, and so enclosed within the letters ABCD on the map, definitely and inescapably fixed the common boundary line between the two litigants to be the line AB on the map; and it was indisputably shown that appellant had never taken any exclusive possession of any of the land she sought in this suit, which lay east of the line AB so running between the parties; in other words, as this Court understands it, there was no showing whatever upon appellant's part that she had ever adversely to the appellee occupied any of the latter's land, so shown to lie east of the line AB, appellant never having built any fence, or other sign of occupancy, east of that line. Wherefore, she had no possible claim of any limitation title thereto. See authorities cited, supra.

Indeed, it would seem well-nigh self-evident, in the given state of this record, that appellant does not have the right to call upon the appellee to select the number of acres out of the latter's property that the former thinks she needs to make up her 250-acre claim; because, as the recited proceedings show, appellant declared upon and described in her description of her chain of title, specific and definite locations for what she claimed.

Under our authorities, she would be confined to the acreage within the description

she so declared upon, whether that acreage was more or less than the 250 acres, so called for in the deed she declared upon.

Further discussion is deemed unnecessary since these conclusions determine the merits of the appeal.

The trial court's judgment will be affirmed.

Affirmed.