**SOUTHERN PACIFIC COMPANY, a corporation, Appellant,**

v.

**Price M. HUBBARD, Appellee.**

No. 5159.

Court of Civil Appeals of Texas.

El Paso.

March 28, 1956.

Rehearing Denied April 25, 1956.

548

Kemp, Sm'th, Brown, Goggin & White, El Paso, for appellant.

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellee.

FRASER, Justice.

This is an appeal from the District Court of El Paso County, 41st Judicial District, wherein plaintiff sued and recovered the sum of $17,000 under the provisions of Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq. Trial was to a jury, and defendant has duly appealed to this court.

Appellant bases his appeal on objections to arguments of plaintiff's counsel, presented in the first six points. The seventh point complains of the insufficiency of evidence to show that plaintiff was disabled by defendant's negligence. Defendant made only one objection to the argument of plaintiff's counsel, which objection was overruled by the court. The argument objected to was as follows:

"And the only evidence about the cause of this accident has been brought here by Hubbard, although other evidence was available to the railroad and for some reason they did not bring it, and yet—"

At this point defendant's counsel made his objection, which was by the court overruled. Defendant's other objections to the argument of counsel were that counsel had argued that other evidence was available to

defendant, that counsel expressed criticism, censure and abuse of defendant by accusing it of intimidating and punishing witnesses; by accusing it of changing testimony of a witness named Aguilar (this witness was never called) and by making argument to the jury appealing to their passion and prejudice. The arguments complained of are mentioned by excerpt in defendant's brief, and they comment on the defendant's failure to produce any witnesses relative to the actual accident or the condition of the premises, and intimated that defendant had no capacity to deny its negligence or it would have done so by witnesses. Other excerpts are of statements by plaintiff's counsel where he states why he did not use the witness Aguilar, wherein he regrets that witness Wagner did not see the accident because he is not now working for the company and would be an unafraid witness, and states that he does not want to use Aguilar because defendant has talked to him and he, the plaintiff, no longer cares to vouch for the witness Aguilar, which he would have to do if he called him as his witness. Other excerpts refer to inflammatory arguments.

We have examined the record and carefully read the statement of facts as well as the qualifications by the trial court to the bills of exception, and we do not find reversible error in any of the matters presented by appellant.

It is clear that plaintiff was injured while pushing a heavy acetylene welding cart along with other employees toward a tool room where it was to be locked up. There were several employees returning these carts, which weighed, according to the testimony, from 300 to 600 pounds. Plaintiff testified that he was hit on the heel by a cart pushed by one Aguilar, another employee of defendant, and that this caused him to fall down backwards, striking his tail bone, and that he suffered injuries to his ankle and to his back therefrom. It is undisputed that Aguilar went up immediately and apologized to plaintiff and told him he was sorry, and that he had slipped on a wet place. Witness Wagner testified to overhearing this conversation. It was also un-

disputed that there were various pools of water or wet places on the floor of the building, and that plaintiff along with other employees had to push these heavy two-wheeled carts past machinery and material to get to the toolhouse, and that these two-wheeled carts immediately tipped forward and stopped when the operator let go of the handles. It was also undisputed that plaintiff had at least sixteen years of service, or seniority, and had been for the past several years doing heavy manual labor, such as welding, climbing in and out of locomotives, moving heavy pieces of metal, etc., and that he had been earning in the neighborhood of $3,500 to $3,600 per year; that he was 56 years old and had a life expectancy of some 17 years. Defendant offered no affirmative defense to any of the facts concerning the accident, and contented itself with cross-examination of plaintiff's witnesses, and so the details of the accident stand undisputed. Plaintiff then produced medical testimony from a reputable orthopedic surgeon that this injury had rendered him totally and permanently unable to ever work again. It was brought out that he had had some years previously a spinal fusion which had been a successful operation, but which plaintiff's doctor testified had not kept him from doing heavy work. Plaintiff produced his wife and other lay witnesses who testified to the deterioration of his health and ability to work, and frequent and/or continual pain. Defendant countered with equally reputable orthopedic surgeons who testified that they found nothing new wrong with defendant, one doctor testifying that he had examined him one time, the other that he had never seen the patient but examined only the X-rays. As it stands, then, the facts of plaintiff's fall or accident and its causes stand undisputed and uncontradicted, and there was adequate testimony for the jury to have found either way regarding any physical disability resulting therefrom.

■ The one matter in the plaintiff's argument to which appellant objected, and which has been hereinabove set forth, was obviously not harmful and did not and could not have resulted in or caused an improper verdict, as the facts of the accident are uncontradicted and certainly the verdict itself, considering plaintiff's former income and life expectancy, is by no means excessive.

■ The other matters were not objected to, but have been called incurable by appellant, and he is maintaining that no withdrawal by counsel or instruction by the court would have destroyed their harmful or inflammatory effect. We cannot agree with this position of counsel for appellant. Appellant itself had introduced a subpoena issued by appellee for Aguilar, and according to the qualifications of bill of exception No. 10 by the trial judge, defendant's counsel had commented on appellee's failure to call the witness Aguilar, also counsel for defendant had extolled the fairness and generosity of the railroad, and among other things had told the jury they were second choice, because plaintiff had originally filed his suit in California, and so to some degree had provoked some portions of counsel's arguments. It has long been held, and Rule 434, Texas Rules of Civil Procedure sets forth, that the errors complained of must have been sufficient to have caused an improper judgment to be rendered to warrant the appellate court in setting aside the judgment of the trial court. Here the amount of the verdict is certainly not excessive, and the only real controverted issues were concerned with the physical condition of plaintiff, and none of the arguments complained of appear to relate to this latter feature in any way.

In further illustration of our position, we should like to add the following quotation, which is taken from a case quoted at length by appellant in his brief, as illustrative of the importance of the probability of harm or harmful effect resulting from alleged improper argument. This quotation clearly illustrates that court's reasoning in the matter. The case is Texas & N. O. R. Co. v. Wilkerson, Tex.Civ.App., 260 S.W.2d 912, loc. cit. 922–923:

"We think the argument complained of can be properly evaluated only when it is borne in mind that a verdict for a large amount was returned after only

a short deliberation by the jury in favor of a woman in dire physical and financial circumstances, a resident of the community where the case was tried and where the jurors lived, on evidence which we believe was insufficient to support the finding that the appellant railroad company caused the injuries to this unfortunate woman. It is only with these elements in mind that such argument can be properly evaluated as improper, vicious and calculated to inflame the jurors' sympathy for the woman and arouse indignation and resentment against the railroad company and its attorneys in the trial of the case."

(The verdict in this case was $50,000.)

■ It has always been available to counsel to comment on the absence of witnesses when it may reasonably be inferred from the evidence that they are available to be called by the defaulting party. Here it would seem a reasonable inference that defendant could have called witnesses or employees relative to the condition of the building and the floor at the scene of the accident, where it appears that same were owned and controlled by defendant. 41 Tex. Jur. 782; Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302; Marek v. Southern Enterprises of Texas, Tex.Com. App., 128 Tex. 377, 99 S.W.2d 594; Texas Elec. Ry. v. Gonzales, Tex.Civ.App., 211 S.W. 347.

■ With reference to appellant's failure to object to other portions of the argument, we do not find any of the arguments alluded to sufficiently inflammatory as to have been incurable by objection from counsel and consequent action by the court. In such cases the Appellate Court must examine the facts of each case in the light of the record, and the situation before it, and make its decision thereupon as to whether it is likely that the argument was wrongful, and if so had a sufficient effect on the jury so that it was influenced into rendering an improper verdict. Here the verdict is amply supported by the evidence, and the jury had the right to accept or reject that part of the medical testimony which it chose to believe. The cases indicate that counsel is not privileged to wait until the verdict is in and then, if unfavorable to him, pick out portions of the argument of opposing counsel to which he has not objected, and obtain a new trial, if such matters could have been remedied at the time they occurred. It has long been held that in order to save the time and expense of the court and the people involved, objection is waived unless timely made, the only exception to this rule being where the argument is so inflammatory and wrong that it could not be cured by withdrawal of same by counsel and by instruction from the court. We do not find the arguments here falling into any such category, and we hold that counsel has waived any errors therein because he should have made timely objection if he felt aggrieved; any irregularity or impropriety in the argument here presented could have been remedied by appropriate action on the part of the trial court. Airline Motor Coaches v. Howell, Tex.Civ.App., 195 S.W.2d 713; Texas Employers' Insurance Ass'n v. Heywood, 153 Tex. 242, 266 S.W.2d 856; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596.

■ Appellant's seventh point complains of the insufficiency of the evidence to support the jury's finding that appellee was disabled by appellant's negligence. We find no merit in this point because there was ample evidence that the jury could believe, coming from the plaintiff's doctor and lay witnesses. This point is overruled.

Lastly, it must not be overlooked that the trial court having heard the entire case and the arguments of counsel was in good position to assess the harm, if any, resulting from the alleged improper arguments. We do not find that the trial court abused his discretion therein in overruling defendant's objections and motion for new trial.

Appellant's points are all overruled, and the judgment of the trial court affirmed.