### G. W. GRAY ET AL. v. A. C. FRONTROY.

Decided October 18, 1905.

**Bill of Exceptions—Statement of Facts—Approval by Judge.**

The approval by the trial judge of bills of exception and of the statement of facts is a judicial and official act, the performance of which can not be delegated; where he declined to approve such as were presented and returned them to counsel whom he authorized to sign his name to such as should be agreed to by opposing counsel, the instruments so signed should be struck out, and they were not validated by his act in correcting and approving and signing them sixty days after adjournment.

Appeal from the District Court of San Saba County. Tried below before Hon. Clarence Martin.

*P. M. Faver* and *Leigh Burleson,* for appellant.

*Walters & Hagan,* for appellee.

KEY, ASSOCIATE JUSTICE.—This case is submitted on but one assignment of error, which complains of the action of the trial court in overruling a motion for a continuance. Appellee has submitted a motion to strike out the bill of exceptions on which the question referred to is based, and also to strike out the statement of facts. The facts stated in the motion are verified by the oath of one of appellee's attorneys. Appellants have filed no reply to the motion. The trial judge has filed a verified statement, but it does not controvert the material facts stated in appellee's motion. The facts embodied in the motion and shown by the judge's statement, may be summarized as follows:

The trial court entered an order allowing twenty days after adjournment within which to file a statement of facts and bills of exception. Before the expiration of the time referred to the trial judge, who was then holding court in another county, received from appellants' attorney a statement of facts and bill of exceptions. These he examined, declined to approve and returned to appellants' attorney, and authorized him to endorse his, the judge's, approval upon any statement of facts and bills of exceptions which might be agreed to by counsel for both parties. Thereafter the attorneys representing the parties agreed upon a statement of facts; and the attorney representing the appellants marked it approved and signed the judge's name thereto. He also made a similar endorsement on the bill of exceptions, and delivered both documents to the clerk of the court below before the expiration of the twenty days after adjournment, and the clerk endorsed his file mark thereon. The uncontroverted testimony shows that appellee's attorneys did not agree to the bill of exceptions, but did agree to the statement of facts. After the expiration of the time allowed for filing the statement of facts and bills of exceptions, it seems that a disagreement arose concerning the validity of the documents filed, especially as to the bill of exceptions. This was called to the attention of the trial judge, who had the clerk forward to him the bill of exceptions which had been filed. Upon inspection of it he erased the approval and his name, which had been endorsed thereon, added a modification to the bill, and then approved it. According to the judge's statement, which is not controverted, this occurred at least sixty days after the adjournment of the term of the court, and long after the expiration of the twenty days allowed for the filing of a statement of facts and bills of exception.

It is required by statute that both statements of facts and bills of exceptions shall be approved by the trial judge, and such approval is essential to the validity of such documents. (Johnson v. Blunt, 48 Texas, 38; Witten v. Poindexter, 25 Texas Sup., 378; Tel. Co. v. Walker, 26 S. W. Rep., 858; Watkins v. Hale, 11 Texas Ct. Rep., 336; Nix v. Pope, 37 S. W. Rep., 617; Tel. Co. v. Trice, 48 S. W. Rep., 770; Railway Co. v. Cock, 51 S. W. Rep., 354.)

It has even been held that such approval can not be waived by the parties. (Johnson v. Blunt, supra.) We think it is equally clear that such approval is a judicial and official act requiring the exercise of

judgment and discretion by the judge, and that, in the absence of a statute authorizing it, the judge can not delegate his power in that regard to any other person, and especially to an attorney of one of the parties to the litigation. Therefore we hold that neither the statement of facts nor bill of exceptions had been approved by the judge when they were filed by the clerk.

We also hold that after the expiration of the twenty days allowed for that purpose, the judge was without power to make out or approve either a statement of facts or bill of exceptions, and that his approval of the bill of exceptions sixty days after the adjournment of the court gave that document no standing and added nothing to its validity.

The motion to strike out the statement of facts and bill of exceptions is sustained.

The ruling just made disposes of the appeal. Appellants having failed to reserve a proper bill of exception to the court's ruling on the motion for a continuance, they are not entitled to have that ruling revised by this court.

*Judgment affirmed.*

### OPINION ON MOTION FOR REHEARING.

This motion sets up no new matter except a statement verified by appellant's attorney to the effect that the attorney who made the supporting affidavit to the motion to strike out the statement of facts and bill of exceptions agreed to both of those documents before they were filed. We regard the controversy between the attorneys as immaterial, because, if it be conceded that appellee or his attorney saw the bill of exceptions and approved it before it was filed, it is nevertheless invalid because not approved by the trial judge until after the time allowed by law for such approval. As held in the original opinion, the judge could not delegate authority to anyone else to approve either the statement of facts or bill of exceptions.

The motion for rehearing is overruled.

*Overruled.*