### E. W. BROWN v. ORANGE COUNTY.

Decided Jaunary 11, 1908.

**1.—Evidence—Deed—Recitals.**

Where a power of attorney is introduced in evidence simply as a basis for a deed executed thereunder by the attorney in fact, the recitals in the power of attorney as to the heirship of the maker of the power, are not evidence of that fact, and this though the power of attorney is an ancient instrument.

**2.—Ancient Deed—Powers—Presumption of Fact—Rebuttal.**

A deed executed by an attorney in fact will be presumed, after the lapse of thirty years, to have been executed by virtue of some power of attorney even though a power in evidence did not authorize the making of the deed. But this is a presumption of fact which may be overcome by evidence to the

contrary. Evidence considered, and held sufficient to overcome the presumption of the existence of any other power than that in evidence.

**3.—Sale of Land—Power Construed.**

A power of attorney which authorized the agents "to bargain, sell and convey, in fee simple by quit-claim deeds, for such price, upon such terms or credit, and to such person or persons as they jointly and severally shall think fit," did not authorize a conveyance of a part of the land in consideration of a sum of money expended by the grantee in defense of a suit for the land.

**4.—Appeal—Filing Statement of Facts—Statute Construed—Practice.**

The Act of the 29th Legislature (Gen. Laws, 1905, chapter 112) with regard to the filing of the official stenographer's notes in lieu of a statement of facts, did not repeal the provisions of the statute then existing with regard to the time of such filing. Hence the filing of such notes within the time allowed but without the approval of the trial judge until after such time had expired, was not a compliance with the law. But a motion to strike out said notes or statement of facts, filed by the appellee only one day before the submission, comes too late and will be construed as a waiver of the objection.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Holland & Holland,* for appellant.

*Hart & Sholars,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is a suit in trespass to try title by E. W. Brown against Orange County. The cause was tried without a jury and judgment was for defendant, from which plaintiff appeals.

The land is a part of a tract of 1280 acres granted to N. C. Cordrey, who died intestate in 1844. Appellees claim title under a quit-claim deed from W. H. Cordrey, sole heir of N. C. Cordrey and Drusilla Cordrey, his wife, executed in 1904. Appellant deraigns title from two sources:

First. An instrument executed by N. C. Cordrey, February 24, 1844, whereby he appoints Benjamin P. Gates his attorney in fact "to transact and superintend any business respecting the premises on the Sabine River containing 1280 acres of land granted to Nathan Cordrey." The attorney is further authorized, in the absence of Cordrey, "to do and transact anything respecting the premises above mentioned the same as if I, myself, were personally present, and to use all lawful ways and means in my name the same as if I, myself, were personally present; and in case I should die during the period of five years, then my said attorney to take possession of all my property and effects and exercise all the rights and powers over it until my legal heirs shall come from the United States and lawfully claim the same, then my said attorney to have an average hundred acres, including any improvements that he may make during five years or during his possession. To have and to hold the same as the bona fide property of him, my said attorney." This instrument was duly recorded in Orange County, June 3, 1844.

It is claimed by appellant that under this instrument Benjamin P. Gates took possession of a certain one hundred acres of the land, which includes the land in controversy, and made his home upon it until his death, a few years thereafter, and that this verbal partition was acquiesced in by the heirs of Cordrey. To connect himself with this title of Benjamin P. Gates appellant relies upon a deed from Benjamin Gates, claiming to be the legal heir of Benjamin P. Gates, by A. H. Reading, attorney in fact, to Smith & Merriman, dated July 12, 1855. Appellant has such title to the premises as was conveyed to Smith & Merriman by this deed.

Second. Appellant also claims title under a deed executed by R. B. Russell and D. Call, attorneys in fact for W. H. Cordrey, his wife, Annie S. Cordrey, and Drusilla Cordrey to William Smith, dated March 22, 1872. The consideration recited in this deed is "the sum of one thousand dollars expended by William Smith in defense of a certain suit brought in the District Court of the United States by A. T. Bramley v. Aaron Ashworth et al., for the league of land on which the town of Orange is situated." This deed was executed under a power of attorney from Drusilla W. Cordrey and W. H. Cordrey and Annie, his wife, residents of the State of Ohio, dated November 19, 1870, whereby R. B. Russell and D. Call were authorized and empowered "to bargain, sell and convey, in fee simple by quit-claim deeds, for such price, upon such terms or credit, and to such person or persons as they jointly and severally shall think fit" certain lands, including the lands in controversy.

The first assignment of error assails the judgment on the ground that the testimony established the superior legal and equitable title of appellant.

Appellant was plaintiff. The land had never been occupied, and it was incumbent upon him to establish his own title in order to recover. So far as concerns appellant's claim of title under the deed of Benjamin Gates by A. H. Reading, under power of attorney, to Smith & Merriman, it is essential to its validity as a conveyance of the title that it should have been established that Benjamin Gates had the title, if any, conveyed to Benjamin P. Gates under the instrument executed by N. C. Cordrey in 1844, heretofore referred to. The trial court finds that the testimony fails to show any right or interest in the property in Benjamin Gates, or that he was the heir of Benjamin P. Gates. This conclusion of fact is assailed by the fourth assignment of error.

No attempt was made to show that Benjamin Gates was the heir of Benjamin P. Gates or to connect him in any way with the title to the land. The power of attorney to A. H. Reading was introduced in evidence and this contains a recital that Benjamin P. Gates was dead and that Benjamin Gates was his heir. There is nothing in the record to indicate that such recitals were introduced as evidence of the truth of the facts recited. The instrument appears to have been introduced simply as a basis for the deed of the attorney in fact · and not as evidence of Benjamin Gates' title. Upon this evidence alone we can not overrule the finding of fact of the trial court that the evidence does not show

that Benjamin Gates ever had any right, title or interest in the property.

If no title is shown in Benjamin Gates, appellant's title, under that source, fails without regard to whether, under the facts in the record, Benjamin P. Gates had title under the instrument executed by N. C. Cordrey, and it is not necessary to discuss the questions presented upon that issue.

Appellant also claims title under the deed executed by Russell and Call to W. H. Smith in 1872, under the power of attorney of the Cordreys. Upon a former appeal in this case (13 Texas Ct. Rep., 138), the question presented was as to the validity of the deed of Russell and Call to Smith. The power of attorney from the Cordreys was in evidence, but no other evidence was offered showing that the deed was executed by virtue of the authority of the power of attorney referred to. The court says: "The deed from Russell and Call being over thirty years old, and coming from the proper custody and free from suspicion, the power to execute it therein recited will be presumed. This is a presumption of fact, not a conclusion of law, and can be rebutted by proof that such authority did not exist. Stooksbury v. Swan (85 Texas, 563)."

No evidence had been introduced on the former trial tending to show that the deed had for its sole authority the power of attorney referred to, and as that power of attorney did not authorize Russell and Call to sell and convey the land in satisfaction of a debt, the deed being an ancient instrument was held to be supported by the presumption of the existence of the power, in the absence of evidence to rebut such presumption. Upon the present trial evidence was introduced conclusively showing that there was no other power existing in Russell and Call to execute the deed to Smith than the power of attorney referred to. The trial court finds, as a fact, that the Cordreys never executed any other power of attorney to Russell and Call authorizing them to sell the property in question, and that this is the power of attorney under which they acted in making the sale and conveyance to William Smith. This finding is not only supported by the evidence, but is conclusively shown thereby. That this power of attorney did not authorize Russell and Call to sell and convey in consideration of the alleged indebtedness to Smith was held by this court upon the former appeal, the court saying: "Under no construction of the language used in the power of attorney would the donees be authorized to convey the land for the consideration expressed in the deed." This view is well supported by the authorities (Morton v. Morris, 27 Texas Civ. App., 262), and is adhered to by us on this appeal. There was no ratification by the Cordreys, or either of them, of this unauthorized sale. We fully agree with the findings of fact of the trial court upon this point. Appellant showed no title and was not entitled to recover. The first assignment of error is overruled.

What has been said disposes also of the other assignments of error, which are overruled. We think the judgment should be affirmed, and it is so ordered.

This cause was set for submission and was submitted on December 12. On December 11 appellee filed a motion to strike out the statement of facts based upon the following grounds:

The term of the court at which the case was tried adjourned on December 6, 1906. By proper order appellant was allowed twenty days after adjournment within which to file statement of facts and bill of exceptions. On December 26 a paper containing the stenographer's notes was presented to the district clerk with request to endorse it filed, which the clerk did, without knowing what the paper contained, as it was immediately withdrawn. At that time the stenographer's notes, so marked filed, had not been presented to the attorneys for appellee for examination, nor to the trial judge for his approval, and this was not, in fact, done until March 12, 1907, when the judge endorsed on it his approval. The filing of the paper in its then condition, without the approval of the trial judge, on December 26, the last day of the twenty days allowed, was not a compliance with the law requiring the statement of facts to be filed, under the order of the court, within twenty days after the adjournment of the term. The Act of the 29th Legislature (chapter 112, Acts 1905), with regard to the filing of the official stenographer's notes in lieu of a statement of facts, as under the former law, did not repeal the provisions of the statute with regard to the time of such filing.

The matter, however, is not jurisdictional and the objection may be waived. Appellee's motion filed the day before the submission came too late, and must for this reason be overruled. (Rule 8, Courts of Civil Appeals, 94 Texas, 656.) Lest the overruling of the motion might be considered as giving sanction to the practice pursued by appellant in the matter of filing of the stenographer's notes, we have thought it proper to give our reasons therefor.

*Affirmed.*

Writ of error refused.