REA v. FIELDS et al. (No. 5421.)

(Court of Civil Appeals of Texas. Austin. Nov. 25, 1914. Rehearing Denied Dec. 23, 1914.)

APPEAL AND ERROR (§ 569*)—QUESTIONS REVIEWABLE—STATEMENT OF FACTS—APPROVAL BY TRIAL JUDGE—STATUTES.

Rev. St. 1911, art. 2068, requiring statement of facts to be approved and signed by the judge, is mandatory, and a statement of facts, not signed because of the inadvertence of the judge, and not discovered until after the filing of the record in the appellate court, must, on motion, be stricken out, though appellant, pending motion, may under article 2074 file a statement signed by the judge, accompanied with a sufficient showing why the failure to sign had not been previously discovered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action between Jesse D. Rea and J. P. Fields and another. From a judgment for the latter, the former appeals. Affirmed.

Neff & Taylor, of Waco, for appellant. Tom Connally, of Marlin, for appellees.

·RICE, J. On a former day of the present term a motion was submitted to strike out the statement of facts herein, for the reason that the same had not been signed by the judge trying the case. We overruled this motion, for the reason that it was shown that the judge promised appellant to approve and sign said statement of facts, and that his failure to do so was an oversight on his part, not discovered by appellant until after the record was filed in this court.

Upon further consideration we have concluded that we were in error, and our opinion on said motion is withdrawn. The appellant has not subsequently procured the signature of the presiding judge to the statement of facts herein. Had he done so, and tendered the same, together with a sufficient showing why he had not previously discovered the failure of the judge to sign the statement of facts, it might have been filed under the provisions of article 2074, Rev. St. Article 2068, Rev. St., reads as follows:

"After the trial of any cause, either party may make out a written statement of the facts given in evidence on the trial, and submit the same to the opposite party, or his attorney, for inspection. If the parties, or their attorneys, agree upon such statement of facts, they shall sign the same; and it shall be submitted to the judge, who shall, if he finds it correct, approve and sign it; and the same shall be filed with the clerk."

The statute requiring the statement of facts to be signed by the judge is mandatory, and we cannot consider a statement of facts not thus signed. See Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324; Railway Co. v. Perkins (Civ. App.) 73 S. W. 1067; Railway Co. v. Keen (Civ. App.) 73 S. W. 1074.

Appellees object to our considering appellant's assignments of error, for the reason the same do not comply with the law and with the rules. As all such assignments are dependent upon the statement of facts, and as the statement of facts has been stricken out, it is not necessary for us to pass upon such objections.

The motion to strike out the statement of facts is sustained, and the judgment of the trial court is affirmed.

Affirmed.