## LINGO LUMBER CO. v. GARVIN et al.* (No. 7424.)

(Court of Civil Appeals of Texas. Dallas. Nov. 20, 1915. On Rehearing, Jan. 8, 1916.)

1. APPEAL AND ERROR ☞548 — REVIEW — STATEMENT OF FACTS.

Assignments of error, relating to the action of the court, the correctness of which depended upon the evidence, cannot be reviewed without a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ☞ 548.]

2. APPEAL AND ERROR ☞573—STATEMENT OF FACTS—SUFFICIENCY.

Notwithstanding Rev. St. 1911, art. 1949, providing for the use of an agreed statement in the trial after being signed by the parties and certified to by the court as correct, such agreed statement cannot be considered as a statement of facts on appeal, where not approved by the trial judge; article 2068 requiring such approval.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2560, 2562–2564, 2566; Dec. Dig. ☞573.]

### On Rehearing.

3. APPEAL AND ERROR ☞553 — REVIEW — STATEMENT OF FACTS.

Under Rev. St. 1911, art. 2068, requiring that the facts shall be copied in one statement and that written instruments introduced in evidence by agreement shall not be stated or copied in detail into the statement of facts, but the facts thus established shall be stated as facts proven in the case, an agreed statement used by the parties below cannot be considered on appeal as a statement of facts, though approved by the trial judge; the various exhibits and instruments introduced being presented to the appellate court separately.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2461, 2462, 2465–2471; Dec. Dig. ☞553.]

4. COURTS ☞78—RULES OF COURT—VALIDITY.

Rule 46 for the Court of Civil Appeals (142 S. W. xv), relating to statement of facts where the case was tried on agreed facts, is invalid in so far as it may conflict with the statutes.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 274, 276–281; Dec. Dig. ☞78.]

Appeal from District Court, Dallas County; T. F. Lewis, Special Judge.

Action by the Lingo Lumber Company against Fred C. Garvin and Royal Smith. From a judgment in favor of the last-named defendant, plaintiff appeals. Affirmed.

Flippen, Gresham & Freeman and R. M. Frezevant, all of Dallas, for appellant. Read, Lowrance & Bates, of Dallas, for appellee.

RAINEY, C. J. Appellant brought this suit against appellees to recover $582 and also to foreclose a lien on the homestead of Royal Smith and wife, alleging that said amount was for lumber and material furnished for the erection of a residence. Fred Garvin made default, and appellee Royal Smith answered and contested the allegations of appellant's petition as to the personal liability of Royal Smith, and the foreclosure of the lien. A trial resulted in a judgment for appellant against Fred C. Garvin, contractor, to whom the materials were furnished, and in favor of Smith personally, and against the enforcement of a lien on the building. From this judgment this appeal is prosecuted.

[1, 2] The assignments presented by appellant all relate to the action of the court, the correctness of which depends upon the evidence adduced upon the trial of the cause. As there is no proper statement of facts found in the record from which we can determine the matters involved, the assignments cannot be intelligibly considered. With the record we find what purports to be an agreed statement of facts, with exhibits attached, used by the attorneys in the trial of the case, but the same shows no ap-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

181 S.W.—36 *Application for writ of error pending in Supreme Court.

proval or certificate of the trial judge that it is correct; therefore the same in that condition cannot be looked to or considered by us.

Article 1949, R. S. 1911, provides for the use of an agreed statement in the trial after being signed by the parties and certified to by the court as correct, and article 2068 requires statements of facts on appeal to also show the approval of the trial judge. As the statement of facts here presented does not show the approval of the trial judge, the same will not be entertained by this court.

The judgment is affirmed.

#### On Rehearing.

[3] The appellant contends we erred in not considering the facts as presented. The facts are not presented in a way, we think, as required by law for the preparation of a statement of facts on an appeal. We find in the record an agreement, approved by the trial judge, which counsel intended should serve the purpose of a statement of facts, as follows:

"Whereas, the matter in controversy between the parties to the cause styled, numbered, and pending as above was submitted to Hon. T. F. Lewis, special judge duly selected and qualified to try the same, upon an agreed statement of facts, with exhibits, made out and signed by their respective attorneys of record, and filed with the clerk before the trial; and whereas, no other evidence was introduced but said agreed statement of facts, with the Exhibits A, B, C, D, E, F, G, H, and I, which said exhibits were intended to be the same exhibits as the same letter exhibits mentioned in the pleadings of the parties, and which constitute all the facts in the case, and together with the pleadings and exhibits mentioned therein, form the basis for the judgment from which the plaintiff has taken an appeal to the Court of Civil Appeals: Now, therefore, it is agreed that the said statement of facts with exhibits, and pleadings of the parties and exhibits thereto, shall constitute the record in this cause, and the original papers may be filed with the transcript in the Court of Civil Appeals without the necessity of making a copy of the same.

"Witness the hands of the attorneys of record this the 25th day of January, A. D. 1915. Flippen, Gresham & Freeman, R. M. Frezevant, Attorneys for plaintiff  Lingo Lumber Company. Read, Lowrance & Bates, Attorneys for defendant Royal Smith.  Alex E. Weisberg, Thompson, Knight, Baker & Harris, Attorneys for defendant United States Fidelity & Guaranty Co.

"I, T. F. Lewis, special judge, hereby certify 'that the above cause was tried before me upon the agreed statement of facts, with exhibits, mentioned in the above and foregoing stipulation, and that no evidence was introduced upon the trial of the said cause other than the said agreed statement of facts, with exhibits, and the same form the basis for the judgment appealed from.'  T. F. Lewis, Special Judge."

There is also a paper accompanying the record marked "agreed statement of facts" which refers to said exhibits. This does not contain a copy of said exhibits, nor the substance thereof, but merely a reference to said exhibits. This "agreed statement of facts" is not signed or approved by the judge, but is only referred to as exhibits in the

agreed statement signed by the parties as above set out. Revised Statutes, art. 2068 et seq., relating to statements of facts contemplates that the facts proved shall be copied in one statement, and in case of written instruments introduced in evidence the parties by agreement—

"shall not be stated or copied in detail into a statement of facts, but the facts thus established shall be stated as facts proved in the case."

This statement should be signed by the parties and approved and signed by the judge. The evidence introduced below is not contained in one instrument and approved and signed by the judge, but comes up in separate and detached portions, in a way that was never intended by the law.

[4] Rule 46 (142 S. W. xv) for the Court of Civil Appeals is cited in justification of this practice. We are of the opinion that this rule does not apply, but if it does, it is contrary to the statute, which governs in this case.

The motion is overruled.