McCARTY et al. v. PUGH et al.    (No. 8302.)

(Court of Civil Appeals of Texas. Galveston. May 17, 1923. Second Motion for Rehearing Denied June 7, 1923.)

I. Appeal and error ⬚644(2)—Objection to consideration of statement of facts held too late

An objection that a statement of facts filed with a record on appeal could not be consider-

ed, because not filed in time, is too late, where not made within 30 days after the filing of a transcript in the Court of Appeals under rule 8 (142 S. W. xi).

2. Appeal and error ⬚644(2)—Statement of facts not filed in time may be considered, in absence of timely objection.

Where a statement of facts was not filed within the time prescribed by Vernon's Sayles' Ann. Civ. St. 1914, art. 2074, such statement may nevertheless be considered, in the absence of timely objection.

3. Appeal and error ⬚719(8)—Verdict fixing boundary line not fundamentally erroneous for failing to give controlling effect to call for graveyard.

In a boundary case a verdict fixing the boundary line is not fundamentally erroneous, because it does not give controlling effect to a call for a graveyard, the location of which is shown by old fence lines, marked lines, and witness trees, and calls for the quantity in the field notes of the survey.

4. Appeal and error ⬚750(4)—Assignment of error held not to raise question of sufficiency of evidence in boundary suit.

In a boundary case, an assignment of error held insufficient as an attack on the verdict of a jury fixing a boundary line on the ground that it was without evidence to support it, or against the great weight and preponderance of the evidence.

5. Judgment ⬚736 — Judgment in former boundary suit not res judicata, where controverted line not in issue nor within scope of pleadings.

Where, in a boundary suit, a location of the line in controversy was not put in issue in a former suit between the same parties, and was not within the scope of the pleadings in that suit, the judgment in the former suit is not res judicata of the correct location of the line.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Walley Pugh and others against C. J. McCarty and others. Judgment for plaintiffs, and defendants appeal. Affirmed. On motion for rehearing and to file written opinion. Motion overruled.

Fogle & Gentry, of Houston, for appellants.

Presley K. Ewing and Maurice Hirsch & Allen Hannay, all of Houston, for appellees.

On Motion for Rehearing and to File Written Opinion.

PLEASANTS, C. J. This suit was brought by appellees against appellants to recover title and possession of a strip of land on the John Brown survey in Harris county, described in the petition as being 120 feet wide, lying along the west line of a tract of 21.42 acres owned by appellants, and being occupied by appellees as their homestead. The petition also sought to recover damages in the sum of $12,500 for the alleged un-

lawful and forcible expulsion of appellees from their home by appellants.

Appellants' answer consisted of a general demurrer, a general denial, an allegation of ownership of a tract of land of 21.42 acres, described by metes and bounds, and disclaimer as to any other lands sued for, except that described in their answer, and a plea of not guilty as to the tract described by them. They also alleged that the plaintiffs acquiesced in and agreed to the boundary as established on the ground; that plaintiffs had made several deeds conveying all of the land formerly owned by them, lying to the west of and adjoining the Ruby tract. Appellants further pleaded a judgment of the district court of Harris county in their favor against appellees in bar of plaintiffs' claim and as justification for the writs of possession and restitution under which possession of said property was taken, and further pleaded title by limitation.

The case was submitted to a jury upon special issues, which were answered in favor of plaintiffs, fixing the west boundary of the Ruby tract at a point 90 feet east of that claimed by appellants herein, and found that plaintiffs had been damaged by the ouster in the sum of $1,500.

Upon consideration of this appeal on a former day of this term we reached the conclusion that none of appellants' assignments of error should be sustained, and affirmed the judgment of the trial court. We also reached the conclusion that as developed upon the trial and presented in this court, the case is a boundary suit in the purview of the statute giving the Courts of Civil Appeals final jurisdiction in boundary suits, and therefore no written opinion was required to be filed by this court. We adhere to both of these conclusions, but in deference to request of appellants' counsel will briefly state our views upon the questions presented by the appeal.

On the submission of this case appellees presented and urged objections to considering the statement of facts filed with the record, on the ground that it was not filed within the time prescribed by the statute, and appellants have not shown that the failure to file it in time was not caused by their negligence. The facts as to the filing of the statement of facts, as set out in appellees' brief, are as follows:

"The term of court at which the case was tried adjourned December 3, 1921. Judgment was entered on the 5th day of November, 1921. Order overruling the amended motion for new trial was made December 2, 1921, and the appeal perfected by the bond on December 19, 1921. Orders were entered, of 10 days after March 2, 1922, and on March 11, 1922, until March 18, 1922, in which to file the statement of facts. The statement of facts was not filed until March 27, 1922, about 7 days after the 90 days had expired. The attorneys for plaintiffs agreed that the statement of facts was full, true, and correct, and might be filed as the statement of facts in the case, but with reservation of all legal objections to time of filing."

[1] The statement of facts was filed in this court on March 28, 1922. The objections to our considering the statement are contained in appellees' brief, which was not filed until January 4, 1923. We think these objections to the statement of facts came too late to entitle them to consideration.

The objection that the statement was not filed within the time prescribed by the statute is one relating to an informality in bringing the case into this court, and a motion to strike out the statement on this ground could not be considered under rule 8 for the Courts of Civil Appeals, unless it was filed within 30 days after the filing of the transcript in this court. 142 S. W. xi; Brown v. Orange County, 48 Tex. Civ. App. 470, 107 S. W. 607. It is held in the case cited that the failure to file a statement of facts within the time prescribed by the statute is not a jurisdictional matter, and might be waived by the appellee, and under the rule above cited, must be considered as waived if the objection to the failure to file it in time is not filed in the appellate court in 30 days after the filing of the transcript. We think this holding is sound and should be followed.

[2] Appellees seem to concede that a motion to strike out the statement of facts on the ground stated should not be considered, unless filed within the 30 days, but they contend that under article 2074, Vernon's Sayles' Civ. Statutes this court is without authority to consider the statement. They say in their argument:

"Appellees are not seeking any affirmative relief as to the statement of facts, not asking that it be stricken, but are merely negatively claiming that the statement, by the plain language of the statute, having been filed beyond the prescribed time, cannot be considered, but lies in the record harmless, unless and until the appellants make the showing, as prescribed by the statute, in order to its consideration."

We are unable to appreciate the distinction sought to be made by the learned counsel for appellees between a motion to strike out the statement of facts, and a motion not to consider the statement, or objections to its consideration. A motion to strike out the statement is nothing more or less than a motion not to consider it, and presentation of objection to considering the statement is in effect identical with a motion not to consider. Appellees' objections to the consideration of the statement present no impeachment of its integrity, and the statement is admitted to be a full and fair statement of all the facts proven on the trial, as shown by the agreement of the attorneys for appel-

lees attached to the statement, which is approved by the trial judge, and which recites that:

"It is a full, true, and correct statement of all the facts admitted in evidence by the court upon the trial of this cause."

With such a statement filed and presented with the record, and no objection having been made that it was not filed in time until the submission of the cause, we could not refuse to consider it in passing upon the questions raised by appellants, and upon which the right and justice of the case depends, unless we were prohibited from so doing by a plain provision of the statute, and we cannot construe the statute cited by appellees as containing such prohibition. It follows from these conclusions that in deciding the questions presented on this appeal the statement of facts was duly considered.

The rights of the parties in this suit primarily depend upon the correct location of the west boundary line of a 50-acre tract known and designated as the Renfro or Ruby tract in a partition decree rendered by the district court of Harris county in a suit styled "Lee Pugh et al. v. M. S. Gerhardt." If the strip of land in controversy is on the Ruby tract, appellants have title thereto. If it lies west of the Ruby line, appellees own it and were entitled to recover its title and possession, unless the evidence sustains one or all of appellant's pleas of estoppel, agreed boundary, prior conveyance of the land by appellees, or the plea of res adjudicata.

Appellants base their appeal upon the following propositions:

"(1) The verdict of a jury locating a disputed boundary line is erroneous, and the judgment based thereon should be set aside, where such location of the line is based upon its distance from another line, the position of which was supported only by evidence of reputation not shown to have existed for more than 12 years, when such location of the disputed line would place 90 feet to the east of its present location, a cemetery called for in field notes which are binding upon all of the tract, one of whose boundaries is the disputed line, and such location of the graveyard would conflict with calls for quantity in said field notes, and witness trees, and with old fence lines and old marked lines, and would exclude the oldest graves from the cemetery.

"(2) Improper remarks of counsel will be presumed to have influenced the verdict of the jury, where judgment is rendered against the complaining party, and when the issues are closely contested and the evidence is about equally balanced, or if the evidence appears to preponderate on the side against which the language is used.

"(3) Plaintiffs cannot recover of defendants a strip of land 90 feet wide along the west side of defendants' line on the theory that defendants' line is 90 feet too far west, when plain-tiffs have previously conveyed to third parties by deeds, the field notes of which call for defendants' west line as a boundary, without any call in any of the deeds which would pull it away from the line, and when there is no evidence showing an actual location on the ground by the parties to the deed.

"(4) A judgment canceling an attornment agreement will be set aside, when it is without evidence or finding of the jury to support it.

"(5) A judgment awarding damages to plaintiffs in the sum of $1,500 for ouster from property should be set aside, where the evidence is insufficient to show that the ouster was wrongful.

"(6) A former final judgment in a suit against the same parties, awarding to the appellants in this cause a tract of land therein described and designated as the Wright tract, is conclusive against appellees as to the land, the title to which was involved and adjudicated in the former suit."

[3] We hardly think the first proposition presents any question requiring our consideration. The statement that a verdict of a jury fixing a boundary line is erroneous, because it does not give controlling effect to a call for a graveyard, the location of which is shown by old fence lines, mark lines, and witness trees, and by the calls for quantity in the field notes of the survey, certainly fails to present a fundamental error apparent upon the face of record. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85. Nor do we think such proposition could be held germane to an assignment charging that:

"The court erred to the prejudice of the defendants in rendering judgment herein for plaintiffs for the land awarded to plaintiffs, because the undisputed evidence shows that plaintiffs have no title thereto and are not entitled to recover the same."

The only assignment copied in appellants' brief, to which the proposition might be deemed relevant, is the following:

"The court erred to the prejudice of these defendants in rendering judgment herein for plaintiffs upon the finding of the jury that the east line of lot No. 6 of the Pugh subdivision is 2 feet east of the northeastern corner of the house occupied by Walley Pugh, because said lot No. 6 lies west of and adjoins the Ruby tract, and the beginning point of said Ruby tract is the southwestern corner of the Pugh graveyard, and the undisputed evidence shows that the Pugh graveyard is, and always has been since its original location, so located that such finding of the jury cannot be correct."

[4] Neither of these assignments can be regarded as attacking the verdict of the jury on the ground that it is without evidence to support it, or is against the great weight and preponderance of the evidence, nor does the proposition before set out raise either of these questions. Pantaze v. Farmer (Tex. Civ. App.) 205 S. W. 522; Morrison

v. Neeley (Tex. Civ. App.) 214 S W. 587. If, however, the proposition is considered as raising the question of whether there is sufficient evidence to support the verdict, it cannot be sustained. The issue of the correct location of the line in controversy was 'submitted to the jury by the following charge:

"Is or is not the land in dispute herein, in whole or part, on the lot No. 6 in the partition suit in evidence, and west of the John H. Ruby tract as located in such partition suit? If you find it is not, answer 'No'; but if you find it is, answer 'Yes,' and state where the west line of said Ruby tract is as located in said partition suit, east or west from the northeast corner of the alleged house in question occupied by Walley Pugh, giving the distance. In determining the location of the Ruby tract as described in the amended decree in the partition suit, and whether or not it includes the land sued for by plaintiffs herein, you will undertake to locate such tract as it was located in such partition suit, and the general rule of law is that you will be guided in such undertaking, first by natural objects, second by artificial objects, and then by course and distance; yet in this case you will investigate all the evidence, and ascertain the true and correct location of the land by the application of all or any of these rules to the particular case, and, should they lead to contrary results or confusion, that rule must be adopted by you which you may find is most consistent with the intention of the parties, apparent upon the face of such decree read in the light of the surrounding facts and circumstances."

There is evidence in the record to sustain a finding that the Ruby survey as described in the field notes in the partition decree was not run out and located on the ground, and when such field notes are considered in their entirety, and in the light of evidence fixing the location of the lines of adjoining surveys called for in these field notes, and the quantity of land therein embraced, the jury were authorized to find that the call for the graveyard was not controlling, and that the location of the line as fixed by them was, in the language of the courts, charge "most consistent with the intention of the parties apparent upon the face of the decree read in the light of the surrounding facts and circumstances." If the remarks of appellees' attorney in his speech to the jury, complained of under appellants' second proposition, could be regarded as unjustified, as qualified by the attorney and the instruction of the trial court, the jury could not have been improperly influenced thereby, and the incident furnishes no sufficient ground for a reversal of the judgment.

Appellants' third proposition is also without merit. The contention that appellee Walley Pugh, who owned lot No. 6 in the partition of the Pugh estate, which lot adjoins the Ruby tract on the west and calls for the Ruby west line, had by deeds to other parties calling for the Ruby west line parted with any title he may have had to the strip of land in controversy, is not sustained by the evidence. These deeds do call for the west line of the Ruby tract, but the evidence shows that at the time of their execution Pugh and his grantees all thought that the west line of the Ruby was located as now claimed by appellants and that such mistaken line was the line called for in these deeds, and not the true Ruby line. That this is so is conclusively shown by the fact that the grantees in these deeds when they took possession a number of years ago and shortly after the execution of the deeds erected their fences along the then recognized line, and there is no evidence that they ever had or are now asserting any claim to land east of that line.

Our conclusions as to the merits of appellants' propositions 1 and 3 dispose of the question presented by the fourth proposition, by rendering the point immaterial.

The complaint presented by the fifth proposition against the judgment for $1,500 damages cannot be sustained. The complaint as presented in the brief of appellants is not against the amount of the verdict, and is based solely on the contention that the ouster of appellees was not wrongful because appellants owned the property. The findings of the jury locating the boundary line settles this contention.

Our failure to sustain the sixth proposition is not complained of in appellants' motion for rehearing, and it may be assumed that the proposition has been abandoned.

[5] Our conclusion on the original· consideration of the appeal, and our present conclusion, is that the location of the line in controversy was not put in issue in the former suit between the parties to this suit, and was not within the scope of the pleadings in that suit, and therefore the judgment in the first suit is not res adjudicata of· the question of the correct location of the line.

It follows from these conclusions that the motion for rehearing should be overruled; and it is so ordered.

Motion overruled.