**L. E. WHITHAM & CO. v. HENDRICK et al.**
(No. 11955.)*

Court of Civil Appeals of Texas. Fort Worth.
Nov. 12, 1927.

Rehearing Denied Dec. 10, 1927.

1. **Appeal and error ⬅565—On appeal from order granting temporary injunction, statement of facts not filed in district court may be considered (Rev. St. 1925, arts. 2251, 4662).**

Under Rev. St. 1925, arts. 2251 and 4662, providing for appeals from orders granting or dissolving temporary injunctions, statement of facts duly made up, agreed to by counsel, and approved by trial judge, may be considered by reviewing court on appeal, regardless of whether such statement was filed in district court.

2. **Appeal and error ⬅565—Failure to file statement of facts in trial court may be waived.**

In any case, failure to file statement of facts in trial court does not deprive reviewing court of jurisdiction, but failure is one that may be waived.

3. **Municipal corporations ⬅513(3)—Property owner, asserting homestead claim, may enjoin enforcing orders for street improvement, notwithstanding failure to sue to set aside assessment (Rev. St. 1925, art. 1096).**

Where assessment was made for street improvement, property owner, by failing to bring suit to set aside or correct assessment within 20 days stipulated by Rev. St. 1925, art. 1096, held not barred of right to assert homestead claim and freedom from lien against property in suit to enjoin city and contractors from enforcing orders for improvement.

4. **Municipal corporations ⬅63(1)—Finality of orders of board of aldermen depends on power given them.**

Finality of orders of board of aldermen of city is dependent on power given them to make such orders.

5. **Constitutional law ⬅193—Legislature. cannot pass law validating by estoppel act it cannot authorize.**

Legislature cannot pass law validating by estoppel an act that it is forbidden by law to authorize.

6. **Judgment ⬅489—Order of tribunal without power to make it is void, and may be attacked collaterally.**

Order or decree of court or tribunal without power to make it is void, and may be attacked collaterally.

7. **Constitutional law ⬅52, 80(1)—Neither Legislature nor civic body by it constituted may determine judicial question.**

Under terms of Constitution vesting in courts all judicial power, and guaranteeing to all persons right of jury trial, neither Legislature nor any civic body by it constituted has power or jurisdiction to determine judicial question as contradistinguished from legislative, executive, or ministerial acts.

8. **Injunction ⬅135—Granting of temporary injunction is largely within judge's discretion.**

Matter of granting writs of temporary injunction is largely within judicial discretion of judge granting writ.

9. **Municipal corporations ⬅513(1)—Granting temporary injunction restraining enforcement of orders for street improvement and lien against homestead held not abuse of discretion.**

Trial judge held not to have abused discretion by granting temporary injunction restraining city and its contractors from enforcing certain orders of city for street improvement and assessment and enforcement of lien on property of plaintiff who claimed it was homestead.

On Motion for Rehearing.

10. **Municipal corporations ⬅513(3)—Property owner could restrain enforcement of orders for street improvement and lien against property claimed as homestead; legal remedy being inadequate (Rev. St. 1925, art. 4642).**

Property owner held entitled to seek injunctive relief under Rev. St. 1925, art. 4642, to restrain enforcement of orders for street im-

provement and enforcement of lien against property claimed as homestead, where board of aldermen disregarded homestead issue at hearing, ordered improvement, imposed assessment lien, and were threatening to issue negotiable evidences thereof; remedy at law not being sufficiently adequate.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by Mary L. Hendrick against L. E. Whitham & Co. and others. Judgment for plaintiff, and named defendant appeals. Affirmed.

Milburn E. Nutt, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellees.

CONNER, C. J. This appeal is from an order of the honorable district court of Wichita county granting a temporary writ of injunction to restrain the city of Wichita Falls and its contractors from enforcing certain orders of the city for the improvement of a portion of Twelfth street in said city, and from the assessment and enforcement of a lien upon plaintiff's property as described in the petition, and for the payment of improvement taxes. The order appealed from was rendered on the 7th day of September, 1927, on the appearance of all parties and on consideration of the evidence adduced.

Before discussing the merits, we will notice appellee's motion to dismiss the appeal for the want of a proper appeal bond not made payable to all of the necessary parties, and appellee's motion to strike out the statement of facts because not filed in the district court. In answer to these motions, appellant rendered a bond duly executed, and payable to all parties in full requirement of the law, and upon her motion therefor we have granted leave to file the bond so tendered.

[1] The statement of facts was filed in this court in due time. It was duly agreed to by counsel of the several parties, and approved by the trial court. In the case of City of Fort Worth v. First Baptist Church, 268 S. W. 1016, we held that, under article 4644, Rev. Statutes, as amended in chapter 17 of the General Laws of the Thirty-Sixth Legislature (see Vernon's Ann. Civ. St. Supp. 1922, art. 4644), granting the right of appeal to parties in civil suits from orders granted, and refusing or dissolving temporary writs of injunction, notice of appeal was not a prerequisite of the right. We so held, citing authorities, on the ground, substantially, that the remedy of appeal from such orders was to be found only in special provisions not relating to final judgments, and in which there was no requirement that notice of appeal should be given. The article of the statute above referred to has been substantially re-enacted in the revision of 1925. Article 2251, Rev. Statutes of 1925, provides

that appeals from orders of the district courts or county courts granting or dissolving temporary injunctions shall lie in the cases and "in the manner" provided in the title "Injunctions." Article 4662, Rev. Statutes of 1925, of the title relating to injunctions, reads as follows:

"Any party to a civil suit wherein a temporary injunction may be granted or refused or when motion to dissolve has been granted or overruled, under any provision of this title, in term time or in vacation, may appeal from such order or judgment to the Court of Civil Appeals by filing the transcript in such case with the clerk of the said appellate court not later than twenty days after the entry of record of such order or judgment. Such appeal shall not have the effect to suspend the order appealed from unless it shall be so ordered by the court or judge who enters the order. Such case may be heard in the Court of Civil Appeals or Supreme Court on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below. If the appellant desires to file a brief in said appellate court he shall furnish the appellee with a copy thereof not later than two days before the case is called for submission in such court, and the appellee shall have until the day the case is called for submission to answer such brief. Such case may be advanced in the Court of Civil Appeals or Supreme Court on motion of either party, and shall have priority over other cases pending therein."

[2] It may thus be seen that in the statute relating to the subject a statement of facts duly made up, agreed to by counsel, and approved by the trial judge, may be considered by us on appeal, regardless of the fact that the statement was not filed in the district court; there being no such requirement in the special procedure relating to the subject. To this we might add that in no event can it be said that the failure to file a statement of facts deprives this court of jurisdiction. The failure is one that may be waived (Railway Co. v. Hood, 55 Tex. Civ. App. 334, 118 S. W. 1121, and Brown v. Orange County, 48 Tex. Civ. App. 470, 107 S. W. 607), and we find among the papers of the record an agreement duly signed by counsel for both parties that "a statement of facts, or so much thereof as is deemed necessary to the appeal hereof, may be filed in the appellate court by either party prior to October 1, A. D. 1927; the transcript of the pleadings having already been filed with such court." The agreement further extends "to any and all necessary affidavits to be filed," with said appellate court. So that we think the motion to dismiss the appeal and the motion to strike out the statement of facts should be overruled.

This brings us to a consideration of the merits of the appeal. Appellee's petition for a writ of injunction was in substance based upon the ground that she, together with her children, Chella, J. M., and S. J. Hendrick, was the owner of lot 1, in block 207, of the

original town of Wichita Falls, located at 1200 Travis street in said city; that said lot is and had long been the homestead of the plaintiff, and as such exempt from forced sale or the imposition of any lien, and that the city, pursuant to various resolutions and ordinances, hereinafter more particularly noticed, had contracted with L. E. and Rebecca Whitham, doing business in the name of L. E. Whitham & Co., for the improvement of Twelfth street in the city, upon which plaintiff's said lot abutted, and were about to fix a lien for the payment of costs of said improvement, which lien, it was alleged, would constitute a cloud upon her title. She therefore prayed for the issuance of "a temporary restraining order, restraining the defendants, or any of them, from placing a lien upon said property above described, * * * and upon final hearing hereof the defendants be perpetually enjoined from the placing of said lien upon said property."

The court indorsed on plaintiff's petition an order for the issuance of a restraining order as prayed for, and fixed a day for a hearing at which the defendants should be cited to appear and show cause, if any they had, why the injunction prayed for should not be granted. The defendants appeared at the time and place set for the hearing, and answered by presenting a number of demurrers and exceptions, a general denial, and specially that the plaintiff was barred of her action under article 1097, chapter 9, of title 28, Rev. Stats. of 1925. They also denied specially that the property described in plaintiff's petition constituted her homestead, and exempt from liens for special improvements; and alleged that the city had exclusive jurisdiction and control of its streets, and a legal right to let contracts for paving the same, under provisions of title 22, Rev. Statutes of Texas, and its city charter; that the city had adopted its charter on March 31, 1920, which went into full force and effect by its express provisions on April 12, 1920; and furthermore that the city, on September 2, 1920, adopted the provisions of chapter 11, title 22, Rev. Statutes of Texas 1911, known as the Street Improvement Law; and that all proceedings of the board of aldermen, the terms of which were expressly pleaded, were valid and in accordance with the law and its charter. The prayer was that no permanent injunction or other relief sought by the plaintiff should be granted to her; that the city be allowed, in accordance with its contract and the proceedings of its board of aldermen, to issue assignable certificate of special assessment to the defendant, L. E. Whitham & Co., in due course, for the costs of improvements abutting on plaintiff's property, and for general and special relief.

Upon the hearing and a consideration of the evidence offered, the order was that the defendant be "temporarily enjoined from do-

ing any and all acts which may place a cloud upon the title" of the property described in plaintiff's petition, and that "this injunction shall remain in full force and effect until further hearing by this court." It is from this final order of the court that defendants have duly prosecuted this appeal.

The evidence discloses that, beginning on the 24th day of January, 1927, the city of Wichita Falls, by its board of aldermen, duly passed resolutions and ordinances declaring it necessary to improve Twelfth street; approving and adopting plans and specifications for the improvement; directing the city clerk to advertise for competitive bids; accepted the bid of L. E. Whitham & Co. as contractors; directing the city engineer to make and file reports with the board of aldermen showing the estimate cost of improvement; approving the report and estimate of the city engineer as to the cost and assessment for the improvement; and fixing a time and place for a hearing of property owners and others interested, and directing the city clerk to give notice thereof, the resolution closing the hearing of the property owners; and the final order for the improvement and assessment and liens.

No question is raised as to the regularity or validity of these various proceedings, except as hereinafter noted. In the final ordinance of the city the following provision, among others, is contained, to wit:

"That there is and shall be hereby levied against each of the owners of property below mentioned, and against his or her property below described, the several sums of money below mentioned and itemized for curbs and for paving and for other improvements, and the total amount thereof, set opposite the name of the person and his or her property, the names of said property owners and the description of their property, and the several amounts assessed against them and their property being as follows."

Following the provision quoted the names of property owners concerned are specified, among whom the appellee Mary L. Hendrick is named; the assessment against her on the lot in controversy amounting to the total sum of $1,140.92, payable in installments as provided for in the ordinance. This ordinance was passed and approved on February 28, 1927. The ordinance further provided that:

"The several sums above mentioned assessed against said property, and the owners thereof, respectively, are hereby, together with all costs of collection thereof, including reasonable attorney's fees and costs of collection, if incurred, and interest on all of said sums at the rate of 8 per cent. per annum, declared to be a lien on the said respective parcels of property against which the same are assessed, and a personal liability or charge against the owners thereof, whether such owners be herein correctly named or not, the assessments herein being levied against the said premises and against the true owners thereof, and the said liens shall be and constitute the

first enforceable claim against the said property against which it is assessed, and be the first and paramount lien thereon, superior to all other claims and liens, except state, county and municipal taxes."

If within the power of the city to impose the lien declared, there can be no doubt, we think, that the same would cast a cloud upon the title to the property in question, to prevent which, under paragraph 4, art. 4642, Rev. Statutes, the judge of the district court was authorized to issue an injunction. Appellee insisted, however, that, under the Constitution and laws exempting homesteads from the creation or imposition of liens thereon, the city was without power to make the assessment and impose the lien as done in this case.

The "hearing" to property owners, fixed by an ordinance hereinabove referred to, was set for the 28th day of February, 1927. The record shows that at the hearing so fixed the appellee appeared and objected to the assessment against her property on the ground that it was her homestead. The ordinance passed and approved on the 28th day of February imposing the lien refers to the hearing, and recites, among other things, that:

"At said hearing all desiring to contest said assessments or in a manner desiring to be heard concerning the benefits thereof, or said improvements, or as to any other matter in any manner connected with or incident therein or as to damages resulting therefrom, were fully and fairly heard, and all errors, mistakes, inequalities, and all other matters requiring rectification were rectified and the board of aldermen having heard and considered the evidence and being of opinion from the evidence that the assessments herein below made and charges hereby declared against property owners and their property, are just and equitable, and that in each case the assessment made against any parcel or lot or property is less than the benefits of said property in the enhanced value thereof by means of the improvement upon which said abuts, and the board of aldermen having considered and adopted the rule of apportionment below set forth and the division of the cost of said improvements, between said property owners, and their property, as just and equitable and producing substantial equality considering benefits arising from said improvements and burdens imposed thereby, and damages resulting from or caused thereby, such apportionments being the same as shown on the report and estimate and statement heretofore filed by the city engineer with the board of aldermen, and herein above referred to, and said hearing having been closed," etc.

[3] Then follows the specification of owners against whom the assessments were made and the liens imposed as hereinabove stated. By reason of the hearing and the determination of the board of aldermen above indicated, appellant insists that appellee is barred of her right to assert the homestead claim and freedom from the lien against her property; it further appearing without dispute

that she did not at any time after the action of the board as above indicated institute suit within 20 days, as provided by article 1096, Rev. Statutes of 1925, which reads:

"Any property owner, against whom or whose property any assessment or reassessment has been made, shall have the right within twenty days thereafter, to bring suit to set aside or correct the same, or any proceeding with reference thereto, on account of any error or invalidity therein. But thereafter such owner, his heirs, assigns or successors, shall be barred from any such action, or any defense of invalidity in such proceedings or assessments or reassessments in any action in which the same may be brought in question."

In support of the contention so stated, appellant cites the case of Cole v. Forto, 155 S. W. 350, decided by the San Antonio Court of Civil Appeals, which is to the effect that the article quoted provides an ample remedy at law to set aside assessments of the character here under consideration, and precludes relief by injunction. The full complaint of the petitioner for the injunction in that case is not set out in the opinion, but we infer therefrom that the complaint related to the character of improvement to be made, and the opinion was doubtless correct upon the facts presented in that case. But we think the principle must be limited to proceedings and determinations of the city council or board of aldermen which is within their power to perform, and, if in this case the complaint had been of a want of benefits to be conferred, or of some irregularity in the proceedings, or a want of a necessity for the improvements, or of the kind of improvements to be made, the principle invoked would apply. See 2 Page and Jones on Taxation by Assessment, § 996. In the present case, however, the complaint is that the board of aldermen has imposed, and threatens to carry into effect, a lien upon the homestead, no complaint being otherwise made of the regularity of the proceedings, or of the time, manner, or character of improvements to be made, or benefits conferred, all of which latter questions are clearly within the powers committed under our statutes to the determination of the city's governing board. The plea that the appellee is precluded from availing herself of the fact, if it is a fact, that the lot in question is a homestead, is in the nature of a plea in estoppel, and in treating of the subject, 2 Page and Jones on Taxation by Assessment, § 998, says:

"The doctrine of estoppel by adjudication is also applicable to a judgment rendered in an action to enforce an assessment. If the court rendering such judgment has jurisdiction of the subject-matter and of the parties, such judgment, while unreversed, is conclusive between the parties, even if it is irregular or erroneous."

[4-7] It must be conceded that the finality of the orders of the board of aldermen of the

city of Wichita Falls is dependent upon the power given them to make the orders. As said by our Supreme Court in the case of Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884, the Legislature cannot pass a law validating by estoppel an act that it is forbidden by the law to authorize. And it is a familiar doctrine that an order or decree of a court or tribunal without power to make it is void, and may be attacked collaterally or otherwise, and we think that, under the terms of our Constitution vesting in the courts all judicial power, and guaranteeing to all persons the right of a jury trial, neither the Legislature nor any civic body by it constituted has the power or jurisdiction to determine a judicial question, as contradistinguished from legislative, executive, or ministerial acts, such as we think under our laws is the question of homestead vel non. We are of the opinion that appellee is not estopped from maintaining her right to her homestead, if any, by the mere fact that she failed to bring suit within 20 days, as the evidence in this case shows she did, from the 28th day of February, 1926, the date upon which the ordinance making the assessment and imposing the lien, as alleged, was enacted.

[8, 9] What we have said we think sufficiently disposes of appellant's contention that the order of the judge below in granting the temporary writ of injunction embraces a finding that the property in controversy was not in fact appellee's homestead, in addition to which it may be said that the order granting the writ was evidently not intended as a final adjudication on the homestead issue, for by its own terms it was made to operate until, and only until, a further hearing, and the trial court, in considering the testimony, must have only concluded that the evidence was sufficient to raise the issue to be later determined by the court and jury, if a jury was demanded, and that hence it was his duty to grant the writ in order to preserve the status quo. The matter of granting writs of temporary injunction has often been decided to be a matter largely within the judicial discretion of the judge granting the writ, and under the circumstances before us we cannot say that there has been an abuse of discretion.

The judgment is accordingly affirmed.

On Motion for Rehearing.

[10] While perhaps not altogether clear, we think that under the circumstances of this case, where, on the face of the proceedings, a lien has been fixed on plaintiffs' property, claimed as a homestead, and there is a threatened issuance of negotiable evidences of such lien, that the remedy of injunction is available under the terms of article 4642, Rev.

Statutes of 1925. See the case of Pulte v. Keel (Tex. Civ. App.) 297 S. W. 241, writ of error refused, where the remedy was applied under somewhat similar circumstances. See, also, Foster v. City of Waco, 113 Tex. 352, 255 S. W. 1104.

It seems to us, under the adjudications relating to the subject that the board of aldermen, having appointed the day for a hearing at which the issue of the homestead character of the property was presented, and at which hearing said board had disregarded such issue, ordered the improvement, imposed an assessment lien, and were threatening to issue negotiable evidences thereof which might find their way into the hands of persons claiming to be innocent purchasers, and claiming that the order of the board of aldermen was final, as was originally urged in this case, that injunctive relief is more adequate than that of a suit for damages or of undertaking to resist a suit by some holder of the assessment lien. The lien, as it seems to us, may well be said to cast a cloud, within the meaning of the article of the statutes referred to, upon the title of the homestead owner, which might impede a favorable sale by her.

The motion will accordingly be overruled.