## SHAEFFER et al. v. SMYTH et al.
### (No. 2343.)

Court of Civil Appeals of Texas. El Paso.
Dec. 12, 1929.

Rehearing Denied Jan. 9, 1930.

Goggans & Allison, of Dallas, Jas. F. Gray, of Breckenridge, and R. W. Gray, of Dallas, for plaintiffs in error.

L. L. Gambill and Goree, Odell & Allen, all of Fort Worth, and Dabney, Goggans & Ritchie and R. A. Ritchie, all of Dallas, for defendants in error.

HIGGINS, J. Defendants in error move to strike out the statement of facts. The case was tried before Hon. P. O. Beard, judge of the seventy-first judicial district, sitting for Hon. Royall R. Watkins, judge of the ninety-fifth judicial district. Judgment was rendered April 5, 1928.

The statement is not certified by the official stenographer, but at the end thereof is an agreement, signed by counsel, that it was a full, true, and complete statement in narrative form of all material evidence adduced upon the trial. Below this agreement appears the following:

"Examined, approved, and ordered filed as a part of the record in this cause.

"P. O. Beard,

"By Royall R. Watkins, Presiding Judge.

"Jany. 28, 1929."

In substance the ground of the motion is that the statement of facts was not submitted to Judge Beard and found by him to be correct, had not been signed and approved by him, but by Judge Watkins, at request of Judge Beard. Attached to the motion is an affidavit by Judge Watkins, which reads:

"On or immediately prior to January 22, 1929, Mr. R. W. Gray, an attorney for the plaintiffs in said case, came to me and advised me that he was carrying the case to the appellate court, and that his time had about expired for getting the statement of facts approved and filed. It is my recollection that he stated that the very day upon which he was talking to me was the last day that he had to get the statement of facts approved and filed. He further stated that he had attempted to get in touch with Judge P. O. Beard, who had tried the case as aforesaid, but had been unable to do so. He requested that I sign and approve the statement of facts, but I refused to do so, upon the ground that I had not tried the case and had no authority to do so. I got in touch with the office of Goree, Odell & Allen by telephone, and asked for L. L. Gambill, who I understood was handling this case for the defendant, but was unable to reach him, and thereupon talked to Mr. W. M. Odell, of that firm. I asked Mr. Odell if his firm, as attorneys for the defendant, would agree for me to sign the statement of facts as requested by Mr. Gray,

and Mr. Odell replied that he was unable to do so. I did not sign or approve the statement of facts. I recall that while Mr. Gray was in my office we tried to call Judge P. O. Beard at Marshall, Texas, but received the report that he was not there, but was in Dallas, and we were unable to get in communication with him.

"My next connection with the matter was on January 28, 1929. At or immediately prior to that time I received a communication from Judge P. O. Beard, either by way of a letter or by a telephone conversation, and I am reasonably certain that it was by letter. The substance of that communication was that Judge Beard stated that Mr. Gray had been unable to reach him to get him to approve the statement of facts in the above case. He asked that I 'take care of them,' or 'try to look after them,' or words to that effect, and requested that I sign the statement of facts for him. I then signed the statement of facts in the manner as shown by the statement of facts, to wit: 'P. O. Beard, by Royall R. Watkins. January 28, 1929.' I did not look at, examine, or in any way pass upon the statement of facts, but simply signed Judge Beard's name, by me, at his request, as will appear from the statement of facts."

An affidavit of Judge Beard reads:

"Deponent says that he has no recollection of having been presented with a statement of facts in connection with the appeal of this cause. That according to his recollection, during the month of December and the week prior to Christmas, the deponent authorized Royall Watkins to sign his name to any and all statements of facts that might be necessary in connection with the appeal of any case tried by deponent while acting as district judge of Dallas county, Texas, in the ninety-fifth judicial district, and the authority given to Judge Royall Watkins was intended to cover this or any other case appealed in which deponent acted as judge. Deponent has no recollection of ever having been requested by attorneys representing the appellants, to sign any statement of facts, and he has no recollection that the attorney for appellant brought any statement of facts to Marshall for deponent to sign, or that he was requested to come to Dallas for the purpose of signing said statement of facts."

Plaintiffs in error do not deny the facts upon which the motion to strike is based. Their reply, by implication, admits the same. It is apparent the statement was never presented to Judge Beard for his examination, approval, and signature.

■■ The consideration and approval of a statement of facts by the judge who tried the case is a judicial act. Stephenson v. Nichols (Tex. Com. App.) 286 S. W. 197; Gray v. Frontroy, 40 Tex. Civ. App. 302, 89 S. W. 1090. Such being the nature of the duty of the trial judge it is nondelegable. 33 C. J. 961. The statutory provisions requiring such approval and signature by the trial judge are mandatory (Rea v. Fields [Tex. Civ. App.] 172 S. W. 191), essential to its validity, and omission thereof precludes consideration of the statement. Johnson v. Blount, 48 Tex. 38; McCaskey Register Co. v. Mann (Tex. Civ. App.) 283 S. W. 544; Love v. Spencer (Tex. Civ. App.) 273 S. W. 883; Argo v. Railway Co. (Tex. Civ. App.) 265 S. W. 1065; Texas E. Ry. Co. v. Gonzales (Tex. Civ. App.) 211 S. W. 347; Texas P. C. Co. v. Lumparoff (Tex. Civ. App.) 204 S. W. 366; Lingo Lumber Co. v. Garvin (Tex. Civ. App.) 181 S. W. 561; San Antonio, U. & G. Ry. Co. v. Yarbrough (Tex. Civ. App.) 179 S. W. 523; Rea v. Fields (Tex. Civ. App.) 172 S. W. 191; Rivers v. Campbell, 51 Tex. Civ. App. 103, 111 S. W. 190; Rice v. Reese (Tex. Civ. App.) 110 S. W. 502; Motl v. Stephens, 49 Tex. Civ. App. 8, 108 S. W. 1018; Brown v. Orange County, 48 Tex. Civ. App. 470, 107 S. W. 607. And this is true, though it is agreed to and signed by counsel for all parties. Dickey's Estate v. Houston, etc. (Tex. Civ. App.) 300 S. W. 250; Goodner, etc., v. People's, etc. (Tex. Civ. App.) 283 S. W. 1092; Magee v. Magee (Tex. Civ. App.) 272 S. W. 252; Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238, 239; First Nat. Bank v. Henwood (Tex. Civ. App.) 183 S. W. 5, and many other cases which might be cited.

■ Upon the facts shown and the authorities cited, we are of the opinion the motion to strike out the statement of facts should be sustained. In deference to the earnest insistence of counsel for plaintiffs in error that the motion should be overruled, we will briefly indicate our view upon the grounds of opposition to the motion.

■ The right to have the statement stricken was not lost because the motion to strike was not filed within the 30-day period as required by rule 8.

■ The matter here presented is not a mere informality. Furthermore the defect in the statement is one which cannot be waived by the parties. Johnson v. Blount, 48 Tex. 38; Gray v. Frontroy, 40 Tex. Civ. App. 302, 89 S. W. 1090; Argo v. Railway Co. (Tex. Civ. App.) 265 S. W. 1065. This appeal was transferred to this court from the Dallas Court of Civil Appeals, by an equalization order of the Supreme Court.

While the case was pending in the Dallas court, the plaintiffs in error, on January 31, 1929, filed a motion setting up that the statement of facts originally had been filed without the approval and signature of Judge Beard; having been so filed because plaintiffs in error had not been able to locate Judge Beard to secure his approval and signature before the expiration of the time limit for filing; since that time Judge Beard's signature to the statement had been obtained and plaintiffs in error desired permission to refile the statement of facts for the court's consideration; wherefore permission was prayed to refile the statement and that it remain as a

part of the record and be considered. On February 2, 1929, the second day after the filing of this motion, the Dallas Court of Civil Appeals entered an order granting same and directing the clerk to refile the statement.

█ For various reasons it is now asserted by plaintiffs in error that by this order this court is now precluded from granting the present motion to strike. To this it is a sufficient reply to say that the question now presented was in no wise raised by the motion to refile. The only question raised by that motion was whether or not the delay in securing Judge Beard's approval and signature was satisfactorily explained, so as to authorize the retention and consideration of the statement as a part of the record under the provisions of article 2245, Rev. St. 1925.

That motion presented no issue with respect to the fatal defect in the statement which is now called to this court's attention. Therefore the order of the Dallas court in no wise adjudicated the question now at issue, and our present order striking the statement is not in conflict with the order of the Dallas court.

In this connection defendants in error assert the order of February 2, 1929, was entered without notice to them for which reason they are not bound thereby, but the question of notice is immaterial under our ruling that the order of February 2, 1929, does not in any wise control the disposition of the present motion.

We have carefully considered the propositions and argument presented by plaintiffs in error in opposition to the motion to strike and regard same as untenable. The motion to strike out the statement of facts is sustained.

In the absence of a statement of facts, none of the assignments and propositions submitted by plaintiff in error show any error.

Affirmed.